## Green *vs.* Weaver.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. The defendant having a mill-pond, and the plaintiff owning lands at the head of the pond, said lands extending up the stream to and beyond a certain fence, and the controversy being both as to whether the pond in fact damages the premises above the fence, and whether, if it does, the defendant has a right to inflict the damage, and an action similar to the present having been brought in 1875, and a recovery therein had by the plaintiff against the defendant, the judgment in that case is at least *prima facie* evidence against any right in the defendant which was or might have been litigated in that suit; the two actions differing only in this, that the former applied to damages alleged to have been sustained in and after April, 1873, and the latter to damages alleged to have been sustained in and after June, 1875.

2. A covenant stipulating that water shall not be raised so as to damage certain land, and if raised in the winter, shall be taken off in time for the crop in the spring, contemplates actual damage to the land; still, if the water be wrongfully raised in the winter and not taken off in the spring in due time, the owner of the land may have at least nominal damages for the vindication of his right.

Judgments. Contracts. Damages. Before Judge Lester. Fannin Superior Court. May Term, 1879.

Reported in the opinion.

M. L. SMITH; W. T. DAY; C. J. WELLBORN; C. D. PHIL-LIPS; R. P. LESTER, for plaintiff in error.

J. E. ALSOBROOK; W. P. PRICE, for defendant.

BLECKLEY, Justice.

1. The record of the former action between the same parties was in evidence, and is set out in the brief of the evidence which comes here. The pleas to that action were: 1. Not guilty; 2. Limitation of twenty years. The pleas to the present action were: 1. Not guilty; 2. Justification under a deed from the plaintiff's grantor, made in 1849; 3. Adverse possession and exercise of the right for seven years, under grant from the plaintiff and those under whom he claims; and 4. Adverse possession and use for twenty years under claim of right. The first suit was brought in May, 1875, and final judgment was rendered for the plaintiff in 1876, for sixty-five dollars damage; the second suit, which is the one now before us, was brought in February, 1877. The two are alike, except as to time, the former relating to grievances in and after April, 1873, and the latter to grievances in and after June, 1875. The mill-dam in question was the third one erected by the defendant in the same place; the first in 1849, the second in 1861, and this, the third, in 1873. The plaintiff's father and grantor died in 1861, having parted with his title to the premises in 1858. The alleged deed from the plaintiff's father to the defendant was made in 1849, and was an agreement, under seal, between the parties thereto, being signed and sealed by each of them. It showed a valuable consideration moving from the latter to the former, and stipulated that the defendant should have the privilege of building a mill or dam on the creek, but that he should not " raise the water so as to damage the land belonging to said Green above where the fence now stands; and the said Weaver further

agrees that if the water should, in the winter, be raised above said fence, it shall be taken off in time for the crop in the spring." The contest at the trial was as to the fact of damage above the fence, and as to the right of the defendant to cause it by means of the dam of 1873. The court charged the jury, in substance, among other things, that if the defendant built the dam in 1849, under this grant of privilege, and raised the water up to where it now stands, and up to where it stood at the time the plaintiff's right of action in this case accrued, and if the defendant claimed the right thus to raise the water by virtue of the deed, and the plaintiff's father knew of the claim and of the exercise of the right, and consented to and acquiesced in the exercise of the right for as much as seven continuous and consecutive years before the commencement of this action, then the defendant acquired a legal right to maintain the dam and water up to that point, and the plaintiff could not recover, even though the water might have been raised at the time so as to damage the land above where the fence stood in 1849. We are not sure that this charge would be correct if the former judgment between the parties were allowed no effect upon the present action ; for the defendant had covenanted under seal not to damage the land above the given point, and if he broke his covenant, or if the covenantee waived performance for seven years before his death in 1861, it might not follow that a right would thereby accrue to the defendant to hold and enjoy ever afterwards up to the permitted deviation from the terms of the covenant. In so far as the defendant, with or without the consent of the plaintiff's father, exercised rights inconsistent with the written agreement, he was without color of paper title, and in such case the prescriptive term is not seven years, but twenty years at least ; and if the plaintiff's father ever gave his consent at all to a mode of enjoyment otherwise than as specified in the agreement, it was by parol only, and must have related to the dam of 1849, as he parted with title in 1858. When, there-

fore, the dam of 1849 was destroyed, such parol license, if any there was, having been a mere gratuity, would seem to have terminated, and thus the written agreement be left to operate, unmodified, upon the dams thereafter erected. But this view need not be taken, in order to pronounce the charge erroneous, for the charge, in going back to a period anterior to the plaintiff's ownership, entirely ignored the former judgment. That judgment may not be conclusive against the defendant's alleged right, but it is at least *prima facie* against it, and must stand as a barrier until some way is pointed out to avoid its effect. If the recovery in that action was only for an excess in the scale of damage to the land over and above what the dam of 1849 damaged it, and if no excess whatever occurred after the first action was brought, the judgment in that action might not be in the defendant's way. If, on the contrary, the scale of damage when the second action was brought, whether greater or not than that in the time of the first dam, was equal to that for which the plaintiff recovered in the former action, we see no reason why the right to recover something in the second suit should not be considered as settled. Let the case be tried over.

2. The terms of the written agreement contemplate in the main actual damages only, and the plaintiff's recovery ought to be restricted accordingly, unless the violation of his right was by raising the water in the winter and failing to take it off in the spring, in which event he could, if entitled to recover at all, have nominal damages to vindicate his right though no actual damage was sustained. 59 *Ga.*, 286.

Judgment reversed.