## SUTTON *v.* SOUTHERN RAILWAY COMPANY.

Where in the county in which a contract of passenger carriage was to be performed a suit was brought against a railroad company upon a cause of action arising out of a failure and refusal to perform such contract, and the declaration was so drawn as to be susceptible of two constructions, under one of which the action could be construed to be a suit for a tort arising from the breach of duty, and under the other a suit for the breach of the contract of carriage, and a demurrer was filed to such action, upon the ground that the court had no jurisdiction to try the cause of action sounding in tort, it appearing that the wrongful act complained of was committed in a county other than that in which the suit was brought; and where, in order to meet such demurrer, the plaintiff amended his declaration by striking therefrom the elements of damage alleged to have resulted from the commission of such tort, and, thus electing to proceed as for the breach of a contract, the plaintiff further amended his declaration by alleging generally that he had been damaged in the sum of five hundred dollars by reason of the breach by the defendant of its contract, without stating the elements of such damage, how or wherein they accrued, and a special demurrer to the declaration as amended was filed, upon the ground that it did not allege with sufficient certainty the elements of damage relied upon by the plaintiff to enable the defendant to defend the action, the court erred in sustaining the demurrer and dismissing the plaintiff's action generally, the declaration as amended being sufficient to sustain a recovery for nominal damages.

Argued June 3, — Decided July 10, 1897.

Action for damages—appeal. Before Judge Smith. Dodge superior court. September term, 1896.

*Roberts & Burch,* for plaintiff.
*DeLacy & Bishop,* for defendant.

ATKINSON, J. The plaintiff sued the defendant in Dodge county. He alleged that he purchased from the defendant's agent a ticket from Jacksonville, Florida, to Eastman, Georgia, which was in Dodge county, by the terms of which the defendant company bound itself to transport him from the point at which he purchased the ticket to Eastman; that under this ticket, petitioner boarded the passenger-train of the defendant, upon which it undertook to transport him, and was by the defendant conveyed upon his route as far as Jesup, Georgia, which is in Wayne county, at which point, as he alleges, he was forcibly put off the train by the conductor; and that the

conductor then and there refused to permit him to pursue his journey, thus refusing to carry out the company's contract of passenger carriage. He alleged that, by reason of the conduct of the defendant, he had been damaged in the sum of $500.00 in this, to wit: "In failing to meet an important business engagement, in the loss of time and exposure to the inclemency of the weather for five hours in Jesup during a very cold night, and the humiliation to which he was subjected in being made to get off the train by the defendant's conductor." To the declaration the defendant demurred, amongst others, upon the ground that "This court has no jurisdiction to try said case, the same being a suit for damages for an alleged tort wherein the original cause of action originated in Wayne county, Ga., as shown by the petition, and no valid judgment could be rendered in this case in the county of Dodge." The court having ruled that it would sustain the demurrer so far as the suit was for damages as for a tort, the plaintiff amended by striking therefrom such allegations as related to the infliction of the tort, and as well that portion of the declaration which undertook to state specifically the element of damage alleged to have been sustained, and offered to amend the petition by striking therefrom everything which related to the subject of damage, except the statement, "By reason of the conduct of said defendant petitioner has been damaged in the sum of $500.00." The court refused to allow the amendment, and dismissed the declaration, upon the ground that it was an action to recover damages as for a tort, and that inasmuch as the tort was committed in a county other than that in which the suit was brought, it had no jurisdiction to entertain the suit.

We think the court erred in this ruling. The error evidently resulted from the confused state of the pleadings, and a misconception upon the part of the court of the declaration as it stood when finally submitted for its judgment. The declaration was bad in the first instance for duplicity. It declared upon a tort which was committed in a county other than that in which the suit was brought. In so far as respects damages resulting from the tort, the court was without jurisdiction to try the action, and that part of it was properly stricken on de-

murrer; but it will be seen that, with all the elements of tort eliminated from the declaration, there yet remained the substantial allegations, that the plaintiff had entered into a contract with the defendant to transport him over its lines from Jacksonville to Eastman, and that pending the execution of the contract of passenger carriage, he was expelled from the defendant's train, it thereby refusing to perform its contract. From this expulsion two rights of action might have arisen; one being an action for damages resulting from the infliction of a tort, and the other being an action for damages resulting from the breach of the contract. In order to have recovered the former, he must have sued in the county where the wrong was committed. To entitle him to recover for the latter, he must have sued in the county where the contract was to be performed. In the latter case, the action was well brought in Dodge county; and the plaintiff, having alleged generally that he was damaged in a given sum by reason of the breach of this contract, whether entitled to recover any special damage flowing from its breach or not, was nevertheless entitled to prosecute his action for the purpose of recovering nominal damages in vindication of his right. According to the decision of this court in the case of *Kenny* v. *Collier*, 79 *Ga.* 743, the plaintiff ought to have been permitted to prosecute his action for the recovery of nominal damages. The doctrine was there laid down, "Breach of contract gives a right of action, whether special damage be alleged or not, and therefore extruding from the declaration all averments of special damages will not warrant the court in dismissing the action." Bleckley, Chief Justice, speaking for the court in that case, says, "There can be no doubt that dismissing the action was a hasty and inconsiderate judgment. The code, § 2946, declares, 'In every case of breach of contract, the other party has a right to damages.' And to the same effect is the common law, according to which, for breach of contract, the plaintiff must necessarily be entitled to some damages. 1 Chit. Pl. *348. The damages abandoned by the plaintiff, and those as to which the court sustained the demurrer, were special damages, and after all these were eliminated, the declaration remained intact as to

general damages, that is, such as the law implies, or presumes to have accrued from the alleged breach of contract." This case does not fall within the rule that in actions for breaches of contract, a new trial will not be awarded in order that the party entitled may recover nominal damages. A motion for a new trial being, in a certain sense, an appeal to the discretion of the court, a new trial will not be awarded in order that a party, upon a mere breach of contract, may recover nominal damages, but in this case there was no verdict against the plaintiff. The judgment of the court sustaining the demurrer to his declaration was a practical denial to him of the right to sue at all. If there had been a breach of a contract, he was entitled to sue in vindication of his right, and it was the duty of the court to hear him. It is one thing to refuse to correct errors occurring upon a trial which resulted in the failure of a party entitled thereto to recover nominal damages, and quite another thing to deny to a party so entitled the right to appeal to the court in the first instance.

We think the declaration, if proved, was sufficient to sustain a recovery for nominal damages; and the trial judge, by sustaining the demurrer, having refused to hear the plaintiff in vindication of that right, committed error.

*Judgment reversed. All the Justices concurring.*