## PAYNE, agent, etc., v. ALLEN.

1. In an action for damages against a railroad company for the negligent homicide of a person, based on violation of the duty to exercise extraordinary diligence for the safety of such person as a passenger on one of the trains of the defendant, where the petition alleged in general terms that at the time of the homicide the person killed "was a passenger" on a passenger-train of the defendant, but did not allege any antecedent facts sufficient to show the status of such person as a passenger, the petition was subject to special demurrer on the ground that the petition did not contain allegations of such character.

2. The error committed in overruling the special demurrer referred to in the preceding note entered into the further trial of the case, and rendered all subsequent proceedings nugatory.

No. 3104. FEBRUARY 14, 1923. REHEARING DENIED MARCH 1, 1923.

Certiorari; from Court of Appeals. 24 Ga. App. 8.

A mother instituted an action for damages for the homicide of her son. It was alleged that the homicide resulted from a "head-in collision" between a passenger-train and a freight-train on the railroad of the Atlantic Coast Line Railroad Company. Paragraph 7 of the petition was as follows: "That on the 29th day of December, 1918, the said Hugh M. Allen was a passenger on the railroad of the defendant, on one of the trains of defendant which left the City of Bainbridge about four o'clock a. m., his destination being the town of Climax in said county." Paragraph 8 was as follows: "That the engine drawing said passenger-train on said morning was running without a headlight, and about two miles from the City of Bainbridge, in said county, said passenger-train had a head-in collision with a freight-train of the defendant, approaching from the opposite direction on the same track, in which collision the said Hugh M. Allen was killed." A special demurrer was filed to paragraph 7, as follows: "In the seventh paragraph as to Hugh Allen being a passenger on one of the trains of the defendant, on the ground that it is a mere conclusion of the pleader without any facts alleged to sustain the same; and it is not alleged how said Hugh Allen became a passenger, whether by the purchase of a ticket, or by the payment of fare, or by holding free transportation, or otherwise." It was not elsewhere alleged in the petition what facts were relied on to show that plaintiff's son was a passenger. The demurrer was overruled, and the case proceeded to trial. A verdict was rendered for the

plaintiff, and the defendant made a motion for new trial, which being overruled, the defendant excepted. On review the judgment of the trial court was affirmed by the Court of Appeals, and the defendant brought the case to the Supreme Court by writ of certiorari.

*Hartsfield & Conger* and *Pope & Bennet,* for plaintiff in error.

*R. L. Berner, W. M. Harrell, J. R. Wilson,* and *E. W. Maynard,* contra.

ATKINSON, J. The controlling question in this case is whether the trial court erred in overruling the special demurrer to paragraph 7 of the petition, as set out in the statement of facts. If the plaintiff's son was a passenger on the train, the defendant would owe him the duty of extraordinary diligence to protect his person and life. Civil Code (1910), § 2714. If he was a trespasser on the train, the company would not owe him the duty of extraordinary diligence (*Purvis* v. *Atlanta Northern Railway Co.,* 136 *Ga.* 852 (3), 72 S. E. 343), though he would be entitled to protection against willful, wanton, and unnecessary violence by the employees in expelling him from the train. *Smith* v. *Savannah, Florida & Western Railway Co.,* 100 *Ga.* 96 (27 S. E. 725) ; *Anderson* v. *Southern Railway Co.,* 107 *Ga.* 500 (33 S. E. 644). It follows that in a suit of the character under consideration vital consequences depend upon whether the injured person was a passenger at the time of the injury. His status as a passenger must depend upon the existence or non-existence of antecedent facts of varying character, as illustrated by numerous decisions of this court. It is said in the Civil Code (1910), § 2715: " A carrier may demand prepayment of fare; but if, by its permission, persons enter its vehicle with the intention of being carried, an obligation to pay fare is implied on the part of the passenger, and the reciprocal liability of the carrier arises." This affords one instance of a definition of passenger, but is not exhaustive. There is no statute in this State giving a complete and exhaustive definition of the term " passenger." The relation arises out of contract express or implied, and must depend upon the facts of each case, which are necessarily variable. As illustrative of the variety of facts upon which the relation of passenger may arise, a few cases may be cited. *Atlanta &c. Ry. Co.* v. *Ayers,* 53 *Ga.* 12; *Stevens* v. *Central R. Co.,* 80 *Ga.* 19, 22 (5 S. E. 253) ; *Western & Atlantic R. Co.* v. *Turner,* 72 *Ga.* 292 (1 a) (53 Am. R. 842) ;

*Metropolitan Street Railroad Co.* v. *Moore,* 83 *Ga.* 453 (10 S. E. 730) ; *Chattanooga, Rome & Columbus R. Co.* v. *Huggins,* 89 *Ga.* 494 (6) (15 S. E. 848) ; *Wynn* v. *City etc. Ry.,* 91 *Ga.* 344 (5) (17 S. E. 649) ; *Ellington* v. *Beaver Dam Lumber Co.,* 93 *Ga.* 53 (19 S. E. 21) ; *Georgia R. & Bkg. Co.* v. *Richmond,* 98 *Ga.* 495 (25 S. E. 565) ; *King* v. *Central of Georgia Railway Co.,* 107 *Ga.* 754 (33 S. E. 839) ; *Travelers' Insurance Company* v. *Austin,* 116 *Ga.* 264, 266 (42 S. E. 522, 59 L. R. A. 107, 94 Am. St. R. 125) ; *Gregory* v. *Georgia Granite Railroad Co.,* 132 *Ga.* 587 (3) (64 S. E. 686). As the degree of diligence owed by the defendant to plaintiff's son depended upon whether he was a passenger on the train of the defendant, whether or not he was a passenger was an issuable matter; and as the status as a passenger depended upon antecedent facts, it was the right of the defendant by special demurrer to call upon the plaintiff to allege such facts as would show the relation of passenger and carrier. That was not done. Paragraph 7 of the petition did not even allege that the train on which plaintiff's son was riding was a passenger-train. It required the aid of the allegations of paragraph 8 to allege that it was a passenger-train. There was no other allegation in the petition alleging where plaintiff's son was riding on the train; under what circumstances he entered the train, or that he had paid his fare or intended to pay his fare; or other fact or circumstance to indicate an express or implied contract entitling him to be a passenger on the train. It was incumbent upon the plaintiff to allege a cause of action plainly, fully, and distinctly. Civil Code (1910), § 5514. One object of this rule is to put the defendant on notice of what he is called upon to disprove. In *Riley* v. *Wrightsville & Tennille R. Co.,* 133 *Ga.* 413, 420 (65 S. E. 890, 24 L. R. A. (N. S.) 379, 18 Ann. Cas. 208), it was held: " Where plaintiff alleged generally that she purchased a ticket over both railroads between two points, by special demurrer she could be required to allege whether she purchased it from one company or the other, or its agents, or from an outsider." In the course of the opinion it was said: " We recognize the fact that one may become a passenger on a railroad without alleging specifically the details of purchasing his ticket, or even without a ticket; but in such event he must rely on the facts appearing and the law applicable to them. If he wishes to rely on duties arising from a

particular basal fact, he should allege it, and he should not do so ambiguously, when called on by special demurrer to make his allegations plain." See also *Southern Railway Co.* v. *Dyson,* 109 *Ga.* 103 (34 S. E. 997). These remarks are appropriate to the case under consideration; and in order to be informed plainly, fully, and distinctly of the plaintiff's alleged cause of action and what it was called upon to meet, the defendant was entitled by its special demurrer to require a statement of the facts relied on to show the plaintiff's son's status as a passenger. The two cases last mentioned were actions in tort, based on dereliction of duty to alleged passengers who had provided themselves with tickets, and the decision in each case depended upon whether they were passengers to whom the company owed extraordinary diligence. Whether they were passengers depended upon whether they had tickets. The two cases therefore are not identical with that under consideration, where there was no antecedent fact alleged to show the status as a passenger; but such difference in the cases will not render inapplicable the principle stated in the rulings made in those cases. It follows from what has been said that the trial judge erred in overruling the special demurrer, and the Court of Appeals erred in sustaining the judgment of the trial court.

The ruling announced in the second headnote does not require elaboration.

*Judgment reversed. All the Justices concur, except Hines, J., dissenting.*