## 71512. CRITES v. DELTA AIR LINES, INC.
### (341 SE2d 264)

BEASLEY, Judge.

The action arose while Crites was engaged in a series of flights from various points along the east coast. Crites had a Delta ticket from Boston to Miami, and after his arrival in Boston, he went to a Delta Service Center on July 30, 1981 to upgrade his reserved seating

on a Braniff flight for the next morning from Miami to Panama. Availability was confirmed and Crites used his American Express card to pay the additional charge for the first class ticket. He boarded the Delta flight from Boston to Miami but after being seated, he was paged and directed off the plane by a Delta employee. According to Crites, once off the plane he was surrounded by this employee and three other Delta employees who detained and imprisoned him, demanded his ticket and identification and destroyed the upgraded Braniff ticket for the next leg of his journey. The reason given was that Crites' credit card was "no good" and he should present his complaint to American Express. He was permitted to resume his seat on the Delta flight and when he got to Miami, Braniff re-issued the first class ticket to Panama.

Crites sued American Express and Delta in six counts: 1) assault, 2) false imprisonment, 3) false arrest, 4) tortious misconduct or slander, 5) breach of contract with regard to the Braniff ticket from Miami, 6) breach of contract regarding the Delta ticket from Boston to Miami.

Delta moved for summary judgment. The trial court agreed, and Crites appealed.

1. The action was brought in July 1984, almost 3 years after the incident. In Georgia, the forum chosen by plaintiff, suits for personal torts must be brought within two years. OCGA § 9-3-33. Crites insists that the three-year Massachusetts statute[1] controls, citing *O'Shields v. Ga. Pac. R.*, 83 Ga. 621, 625 (10 SE 268) (1889), for the principle that where a foreign statute which creates or confers the right of action also limits its duration then the foreign statute applies. This principle is only applicable "where the foreign statute creating a cause of action not known to the common law prescribes a shorter period in which action may be commenced than that prescribed by the law of the place where the action is brought." *Taylor v. Murray*, 231 Ga. 852, 853 (204 SE2d 747) (1974); *Indon Indus. v. Charles S. Martin*, 234 Ga. 845, 846 (218 SE2d 562) (1975). Massachusetts law did not "limit" the time to a shorter period; instead, in Massachusetts such causes of action are given a longer life. A statute of limitation pertaining to the remedy is enforced under the law of the forum, the lex fori. *Taylor v. Murray*, 231 Ga. 852, 853, supra.

The judgment on tort counts one through four was not error.

2. In the fifth count, Crites admits he flew first class from Miami to Panama on the ticket Braniff Airlines issued when he arrived in Miami from Boston. In his response to Delta's request to admit, he states that he contracted "exclusively" with Delta to provide this first

---

[1] Massachusetts General Laws Ann. Ch. 260 § 4.

class service, but it is undisputed that the contracts for passage from Miami to Panama were with Braniff, both the contract upgrading the accommodations made in Boston and shortly thereafter destroyed and the contract issued directly by Braniff later in Miami. Since there was no contract with Delta for passage from Miami to Panama, it cannot be charged with breach of it, and summary judgment on this count was authorized.

3. The sixth count, added by amendment, asserts that Crites and Delta contracted for Delta to provide Crites air transportation from Boston to Miami for a fee; that by committing such acts as taking Crites off the plane, harassing and detaining him, taking and destroying his upgraded ticket and publicly making remarks about his credit, Delta breached its contract of safe carriage from Boston to Miami.

Georgia has long recognized that a ticket holder has a right of action for the breach of a contract of carriage. *Sutton v. Southern R. Co.*, 101 Ga. 776, 778 (29 SE 53) (1897). Usually such breach arose in the context of an expulsion of a passenger from a train. *Georgia R. &c. Co. v. Eskew*, 86 Ga. 641 (12 SE 1061) (1890). Airlines have the same responsibilities and duties towards their passengers as railroads to train passengers. *Delta Air Lines v. Millirons*, 87 Ga. App. 334, 340 (73 SE2d 598) (1952).

Crites was not prevented from the carriage contracted for or from a portion of it but instead allegedly suffered the inconvenience of being taken off the plane where he was subjected to what he contends were various indignities. He was permitted to return to the plane and complete his flight safely. Thus, unlike the situation where there was a breach by a failure of the carrier to provide safe carriage to the agreed destination, transportation to the destination was not in issue. In addition, the acts complained of were primarily tortious in nature.

Still we are not prepared to hold, as a matter of law, that there was no breach of contract on Delta's part. Provisions of the contract are not before us. Secondly, we cannot say that the carrier's obligations under the contract are confined to transporting a person from point A to point B period, or even simply without physical injury. A common carrier has a contractual obligation to safely carry, and resulting physical injury constitutes a breach. *Patterson v. Augusta & Savannah R. Co.*, 94 Ga. 140 (21 SE 283) (1893). It also has a duty to protect a passenger from insults, abuse, and ill treatment. *Cole v. Atlanta & West Point R. Co.*, 102 Ga. 474 (31 SE 107) (1897). It is bound to provide not only safe but also comfortable passage. *Owens v. Macon R. Co.*, 119 Ga. 230 (46 SE 87) (1903) (a tort suit). A duty to protect a passenger from abusive and insulting language by its agents and employees is based on the carrier's contractual relationship with the passenger; this is true even when passage is not refused. *Gebhardt v. Public Svc. &c. Transport*, 137 A2d 48 (48 N.J. Super. 173) (1957).

The court in *Bleecker v. Colo. & S. R.*, 50 Colo. 140 (114 P. 481) (1911) viewed it this way: "independent of the terms of the ticket purchased by the passenger, the law imposes upon the carrier, as part of the agreement of carriage, respectful, decent and decorous treatment at the hands of those entrusted with the execution of its contract." Id. at 145. See the more recently expressed reasoning in *Kessel v. Long Island R. Co.*, 436 NYS2d 684 (107 Misc. 2d 1067) (1981). The airline industry is a service industry, and part of the contractual obligations stem from the custom and trade which determine what is required.

The record at this stage does not reveal the entire event and thus is not complete. Suppose, for the sake of argument, that Delta's agents had no reason whatsoever to follow the course they did. We could not say that, as a matter of law, this did not constitute a breach of the contract for safe carriage. There is a difference between the acts of courtesy and thoughtfulness which are above and beyond the requirements of contract and that treatment which does not comport with what has been agreed to. The record does not establish what was required or that it was complied with.

Insofar as count six is concerned, then, it was error to grant total summary judgment to Delta. Nonetheless, partial summary judgment on this count also was warranted because plaintiff sought actual and punitive damages and expressly eschewed special damages. Punitive damages are not permitted for breach of contract. *Pelletier v. Schultz*, 157 Ga. App. 64, 66 (3) (276 SE2d 118) (1981).

In the event a breach of contract is found, the only damages available based on the record as it stands will therefore be actual damages, which in this case may amount only to nominal damages. OCGA § 13-6-6; *Green v. Weaver*, 63 Ga. 302 (1879); *Flanders v. Hill Aircraft & Leasing*, 137 Ga. App. 286, 289 (223 SE2d 482) (1976). In an analogous case, *Kessel v. Long Island R. Co.*, supra, they were the only damages awarded because plaintiff failed to substantiate the nature and extent of his damages.

4. The motion for penalty under Court of Appeals Rule 26 (b) for frivolous appeal is considered and denied.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 7, 1986.

*Charles M. Jones*, for appellant.
*John A. Gilleland, Daryll Love, Robert P. Monyak*, for appellee.