Boggs, Judge.
Malissa DeMott filed a breach of contract action against Old Town Trolley Tours of Savannah, Inc. (“Old Town”) contending that Old Town, as a common carrier, is liable for injuries she sustained when she fell in its parking lot. Old Town moved for summary *658 judgment on the claim, the trial court granted the motion, and DeMott now appeals. For the following reasons, we affirm.
On appeal from the denial of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.
(Citation and punctuation omitted.) Hood v. Todd, 287 Ga. 164, 165 (695 SE2d 31) (2010); see OCGA § 9-11-56 (c).
So viewed, the evidence showed that on November 17, 2008, DeMott, her husband, mother-in-law, and a family friend arrived at the Savannah Visitor Center parking lot for the purpose of taking Old Town’s trolley tour of the City of Savannah. DeMott entered the visitor center, purchased tickets for the trolley tour, and then walked across the parking lot to a kiosk to inquire about where to board the trolley. DeMott was told that she should board the trolley at the front door of the visitor center where she had just purchased the tickets. Because she had to walk back across the parking lot, DeMott’s husband warned her to “watch the pot holes [sic].” En route back to the visitor center, DeMott tried to step around a pothole, but the asphalt under her foot gave way, and she fell.
On March 16, 2010, DeMott filed a premises liability action against the City of Savannah, but later determined that the parking lot where she fell was owned by Old Town. On November 16, 2011, three years following her injury, DeMott amended her complaint to allege a premises liability claim against Old Town.[1] When Old Town moved for summary judgment on DeMott’s claim because the two-year statute of limitation had expired, see OCGA § 9-3-33, DeMott, on July 10, 2012, again amended her complaint in order to allege a breach of contract claim against Old Town as a common carrier. She alleged that Old Town, as a common carrier, owed her an extraordinary duty of care, and that because Old Town allowed its parking lot to remain in a hazardous condition, it “was negligent and/or breached its contract” with her.
On July 12,2012, the trial court entered a consent order granting summary judgment to Old Town on DeMott’s premises liability claim, but also ordering that her “claims arising from a breach of contract remain viable and pending before the Court.” Old Town then moved *659 for summary judgment on DeMott’s breach of contract claim arguing that it was in essence a claim for personal injury that was barred by the two-year statute of limitation. The trial court granted Old Town’s motion for summary judgment, ruling that DeMott “was not injured due to any breach of any contractual duty to safely carry or transport her. Her action is a premises liability tort claim for personal injury based upon the condition of the parking lot.”[2]
In four enumerations, DeMott argues that the trial court erred in granting Old Town summary judgment on her breach of contract claim. She contends that the trial court did not apply the proper standard for a common carrier, and that it improperly relied upon two cases.[3] We hold that the trial court’s grant of summary judgment to Old Town was proper.
“Georgia has long recognized that a ticket holder has a right of action for the breach of a contract of carriage.” Crites v. Delta Airlines, 177 Ga. App. 723, 725 (3) (341 SE2d 264) (1986). DeMott’s breach of contract claim is premised upon OCGA § 46-9-132, which provides that “[a] carrier of passengers must exercise extraordinary diligence to protect the lives and persons of his passengers but is not liable for injuries to them after having used such diligence.” And “[t]he rule of extraordinary diligence applies only to the receiving, keeping, carrying and discharging of passengers.” (Citation and punctuation omitted; emphasis supplied.) Delta Air Lines v. Millirons, 87 Ga. App. 334, 341 (5) (73 SE2d 598) (1952). “This duty continues until the passenger has been conducted to a place where he has some freedom of locomotion and can in a measure look out for his own safety,” (emphasis in original) id. at 342 (5), and is “coextensive with the relationship of passenger and carrier.” Id. at 341 (5); see also Cuthbert v. MARTA, 190 Ga. App. 550, 551 (1) (379 SE2d 413) (1989).
We have held that “[tjhe relationship of carrier and passenger exists until the passenger’s destination has been reached and the passenger has either alighted from the means of conveyance in safety or has been afforded reasonable time and opportunity to do so.” *660 Millirons, supra, 87 Ga. App. at 341 (5). And with regard to when the carrier-passenger relationship commences, as explained in Mill-irons, it begins when the carrier is receiving the passenger. See id. In the circumstance of a railroad passenger, for example, this Court held that “it can not be doubted that when a person is on the steps or platform of the car which is open for the reception of passengers, in the act of entering for the purpose of becoming a passenger, this relation exists.” Ga. R. and Electric Co. v. Cole, 1 Ga. App. 33, 34 (57 SE 1026) (1907).
When DeMott fell, she was not aboard the trolley, and was not in the act of boarding or exiting the trolley, i.e., she was not being received, kept, carried, or discharged by Old Town. As DeMott states in the opening of her brief, she was en route to the location where she was to board the trolley and was still traversing the parking lot when she fell. Under these circumstances, no carrier-passenger relationship existed for OCGA § 46-9-132 to apply. Compare Southeastern Stages v. Stringer, 263 Ga. 641 (437 SE2d 315) (1993) (plaintiff passenger was killed by another passenger while on board bus); Sutton v. Southern R. Co., 101 Ga. 776 (29 SE 53) (1897) (plaintiff boarded train but was later forcibly removed from train by conductor); Crites, supra, 177 Ga. App. at 725 (3) (plaintiff passenger was removed from plane, harassed, and detained); Cole, supra (plaintiff was injured while on the steps of front platform entering trolley car). DeMott’s breach of contract claim therefore fails.
It is undisputed that DeMott fell on Old Town’s premises.
The carrier’s duty of exercising ordinary care to furnish safe station facilities for those to be received or for those who have been discharged as passengers is not to be confused with the carrier’s duty to use extraordinary care in receiving, transporting, and discharging its passengers.
Millirons, supra, 87 Ga. App. at 341 (5). The duty of ordinary care
is the obligation of any owner or occupier of land to one coming upon the premises by express or implied invitation. This duty of the carrier to exercise ordinary care in keeping its premises safe exists not only with respect to those persons being received or who have been discharged as passengers, but also with respect to any member of the public entering such premises for the purposes of doing business with the carrier, including even persons coming to meet arriving passengers.
*661 Id.; see also Central of Ga. R. Co. v. Brown, 141 Ga. 553, 555 (81 SE 857) (1914) (“A railroad company is bound to use ordinary care in providing stational facilities for receiving and discharging passengers.”); Watts v. Colonial Stages Co., 45 Ga. App. 115, 119 (163 SE 523) (1932) (defendant bound to exercise only ordinary care and not extraordinary care where passenger was injured after he exited bus, entered a building, and fell on concrete).
Thus, any liability on the part of Old Town “does not arise out of a breach of the contract of transportation,... but is predicated upon a violation of the duty of one occupying and in control of land to exercise ordinary care in keeping the premises and approaches thereto in a safe condition for invitees thereon.” Millirons, supra, 87 Ga. App. at 343 (5). Such a duty is that which arises in any premises liability action. As the trial court properly concluded in the consent order, however, DeMott’s premises liability claim for her injury is barred by the two-year statute of limitation. See OCGA § 9-3-33 (two-year statute of limitation for personal injury actions).
Because DeMott cannot sustain a breach of contract claim under OCGA § 46-9-132, and as the trial court previously ruled, her premises liability claim is barred by the statute of limitation, the court did not err in granting Old Town’s motion for summary judgment.

Judgment affirmed.

Doyle, R J., Dillard and Branch, JJ., concur. Barnes, P. J., Ellington, P. J., and Miller, J., dissent.

 The City of Savannah was dismissed from the action.

 The record reveals that during the pendency of this litigation, the parties entered into settlement negotiations. Old Town asserted that the parties had agreed to settle all claims arising out of DeMott’s fall for $4,500, but DeMott refused to sign the agreement. DeMott claimed that the parties only agreed to “settle the case under Mr. DeMott’s potential loss of consortium claim,” but that the agreement “was never consummated.” Old Town filed a motion to enforce the purported settlement agreement, but following a hearing the trial court ruled that “there was no mutual agreement as to the claims to be settled.”

 DeMott also asserts that the court’s ruling was in conflict with the consent order. But this was not a ruling on the merits of the breach of contract claim. The court simply acknowledged that the claim remained pending following its grant of summary judgment to Old Town on the premises liability claim.