BARNES, Presiding Judge,
dissenting.
Because a contract of carriage existed between DeMott and Old Town Trolley, and a question of fact remains as to whether the common carrier’s extraordinary duty of care applied when DeMott fell on her way to board the trolley, the trial court erred in concluding that the applicable statute of limitation had expired. Thus, I respectfully dissent from the majority opinion.
DeMott filed this action against Old Town Trolley more than two years but less than four years after she fell. The trial court found that DeMott’s claim was actually one for personal injury that was barred by the two-year statute of limitation in OCGA § 9-3-33. Quoting Daniel v. American Optical Corp., 251 Ga. 166, 168 (1) (304 SE2d 383) (1983), the trial court held that “the scope of application of this statute of limitations is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief.” The court concluded that DeMott’s injury did not arise out of any breach of Old Town’s contractual duty to safely transport her but was a premises liability claim for personal injury based on the condition of the parking lot.
*662 Under OCGA § 46-9-132, “[a] carrier of passengers must exercise extraordinary diligence to protect the lives and persons of his passengers but is not liable for injuries to them after having used such diligence.” “Georgia has long recognized that a ticket holder has a right of action for the breach of a contract of carriage.” Crites v. Delta Air Lines, 111 Ga. App. 723, 725 (3) (341 SE2d 264) (1986). In fact,
[when] a person makes a contract [to be transported to another location] with a common carrier, and he is injured by the negligence of the carrier, he has two remedies, one an action for the breach of contract, the other an action on the case for the wrong, and he may elect which remedy he will pursue. If he elects to bring an action for the breach of contract, he has, under the code, four years within which to bring it; if he elects to sue upon the tort, he has two years.
Patterson v. Augusta & Savannah R. Co., 94 Ga. 140, 141 (21 SE 283) (1894); OCGA § 9-3-26. Accord Aiken v. Southern R. Co., 118 Ga. 118, 120 (44 SE 828) (1903); Sutton v. Southern R. Co., 101 Ga. 776, 778 (29 SE 53) (1897).
Old Town does not dispute that DeMott purchased a ticket for a trolley tour. DeMott’s ticket, while not a contract itself, “is evidence of the right to transportation furnished to the passenger in consequence of a contract to carry, and is intended to enable the passenger to secure transportation, under the rules and regulations of the carrier in performance of such contract.” Aiken, 118 Ga. at 120. Here, the parties do not dispute that a contract of carriage existed between DeMott and Old Town Trolley. The majority concludes that Old Town’s duty of extraordinary care did not yet apply to DeMott because she was simply crossing the parking lot, rather than actually boarding the trolley. But the record is unclear as to where DeMott fell in relation to where she was supposed to board the trolley, and this lurking question of fact should be decided by a jury.
A common carrier’s duty of extraordinary care clearly applies while the passenger is boarding or exiting the conveyance and during the trip itself. The difficulty arises in determining the carrier’s duty during the time period after the passenger buys a ticket and before she boards the conveyance, or after the passenger exits the conveyance. We have held that the carrier’s extraordinary duty ends when a passenger is “safely discharged,” and that a jury question existed as to whether the duty continued and was exercised by a bus driver who ran over a passenger who had just exited the bus. Cuthbert v. MARTA, 190 Ga. App. 550, 551 (1) (379 SE2d 413) (1989).
*663 As to when the duty begins, our Supreme Court has held that a ticketed passenger waiting at the point of departure is, “as to all duties of the company towards [her] directly involving [her] safety, entitled to extraordinary diligence, and as to all duties involving merely [her] convenience or accommodation, to ordinary diligence.” Central R. and Banking Co. v. Perry, 58 Ga. 461, 467 (1877) (carrier owed only ordinary diligence to passenger who failed to board at the station and was injured while chasing the train down the tracks). Further, the carrier must exercise extraordinary diligence when “receiving” passengers, as in the case of a plaintiff who had purchased a railroad ticket and was “going forward at the proper place and time to board the defendant’s east-bound train” when he was struck by another train. Seaboard Air-Line R. Co. v. Brewton, 23 Ga. App. 621, 622 (99 SE 226) (1919), reversed on other grounds, Seaboard Air-Line R. Co. v. Brewton, 150 Ga. 37 (102 SE 439) (1920). See also Robertson v. MARTA, 199 Ga. App. 681, 682 (405 SE2d 745) (1991) (common carrier has duty to exercise extraordinary diligence to protect fare-paying passengers in its station).
Here, the record establishes that an Old Town employee directed DeMott to some area “over by the front door” where she was supposed to board the trolley, but the only evidence regarding the property’s physical layout is a sketch DeMott made during her deposition, which defense counsel noted was obviously not drawn to scale. That sketch does not indicate where DeMott was supposed to board. The photographs in evidence show only large potholes in asphalt with no clues regarding their relationship to anything else. When defense counsel asked Mr. DeMott, “So you just don’t remember as we sit here today . . . where the hole was in terms of the relationship to the Visitors Center?” he responded, “I can say it was out in front of the — this is the — I could say this is where the bus, the tour buses would come, and somewhere in there, there were pot holes.”
Construing the evidence in DeMott’s favor, as we must, whether the trolley company’s extraordinary duty to DeMott had begun before she fell is a question of fact for a jury rather than a question of law for the court.
The duty of extraordinary diligence for the safety of passengers, which rests upon a carrier in behalf of a passenger who has purchased a ticket and is seeking to enter the train for the purpose of being transported to his destination, and whether extraordinary diligence requires that a passenger be assisted in entering a train, may be dependent upon the circumstances and conditions surrounding the . . . facts of the particular case.
*664 Decided July 16, 2014 —
Reconsideration denied July 31, 2014.
Simon Weinstein, Jeffrey W. Lasky, Brian E. Krapf, for appellant.
Brennan & Wasden, Joseph P. Brennan, Sandra V. Foster, Kathryn A. Westberry, for appellee.
Southern R. Co. v. Crabb, 10 Ga. App. 559 (73 SE 859) (1912). See also Payne v. Allen, 155 Ga. 54, 55 (116 SE 640) (1923) (no statute defines “passenger,” and existence of contractual passenger-carrier relationship depends on facts); McBride v. Ga. R. & Electric Co., 125 Ga. 515, 519 (54 SE 674) (1906) (“[T]he language employed in the decisions cited [regarding common carrier duties] varies somewhat. But what is said in reference to a case must be considered in the light of the facts of that case.”); Cuthbert, 190 Ga. App. at 551 (1) (whether duty existed and was exercised was jury question).
A contract of carriage existed between DeMott and Old Town Trolley. Because a question of fact remains regarding whether Old Town’s duty under that contract applied when DeMott fell, the trial court erred in granting summary judgment to Old Town on statute of limitation grounds. Therefore, I respectfully dissent to the majority opinion.
I am authorized to state that Presiding Judge Ellington and Judge Miller join in this dissent.