[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14369
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00081-JRH-BKE

GOLD CROSS EMS, INC.,

Plaintiff-Counter Defendant-
Appellant,

versus

THE CHILDREN'S HOSPITAL OF ALABAMA,

Defendant-Counter Claimant-
Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 27, 2016)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

Gold Cross EMS, Inc. appeals from the district court's grant of summary judgment to the Children's Hospital of Alabama in Gold Cross's action for contribution.  Their dispute arises out of an accident that occurred during the ambulatory transportation of a two-year-old patient.  Children's Hospital hired Gold Cross to transport the patient and Children's Hospital's "critical care team," which consisted of a nurse and a therapist, to an airport in Georgia.  Two Gold Cross employees drove the ambulance, which was owned by Gold Cross, while the patient, nurse, and therapist rode in the back.  When they arrived at the airport, the Gold Cross employees began removing the patient from the ambulance.  During that process, the stretcher to which the patient was bound tipped over onto the tarmac.  It was later discovered that the girl had been paralyzed.

The patient's father and a guardian ad litem sued Gold Cross and Children's Hospital jointly.  (They also sued the Gold Cross employees, who were later dismissed.)  Gold Cross ultimately settled the claims against it and Children's Hospital for $9 million.  In its settlement agreement, Gold Cross expressly reserved the right to pursue a contribution claim against Children's Hospital. Exercising that right, Gold Cross filed a complaint in Georgia state court seeking

2

contribution from Children's Hospital under Georgia law.[1]  Children's Hospital

removed the case to federal court and later moved for summary judgment on the

contribution claim.  Gold Cross cross-moved for summary judgment and, in the

alternative, requested that the court certify the contribution question to the Georgia

Supreme Court.  The district court denied Gold Cross' request to certify the

question and granted summary judgment to Children's Hospital.  See Gold Cross

EMS, Inc. v. Children's Hosp. of Ala., 79 F. Supp. 3d 1316 (S.D. Ga. 2015).  Gold

Cross then moved for reconsideration, which the district court denied.  See Gold

Cross EMS, Inc. v. Children's Hosp. of Ala., 108 F. Supp. 3d 1376 (S.D. Ga.

2015).

Georgia law recognizes "the right of contribution between settling joint

tortfeasors when there has been no apportionment of damages by a trier of fact."

Zurich Am. Ins. Co. v. Heard, 740 S.E.2d 429, 432 (Ga. Ct. App. 2013).  However,

"[w]here no judgment finding both tortfeasors liable has been entered . . . the party

seeking contribution must prove that his own negligent action and those of the

alleged joint tortfeasors jointly caused the harm."  Suggs v. Hale, 629 S.E.2d 11,

15 (Ga. Ct. App. 2006) (quotation marks and alterations omitted).  In other words,

the party seeking contribution must show that the alleged joint tortfeasor

committed "separate and independent acts of negligence."  Zimmerman's, Inc. v.

---

[1] In that action, Gold Cross also asserted a claim for breach of a joint defense agreement. That claim is not relevant to this appeal.

McDonough Const. Co., 240 S.E.2d 864, 866 (Ga. 1977) (quotation marks omitted).

Gold Cross cannot establish that Children's Hospital committed any independent acts of negligence that contributed to the harm at issue here. The evidence shows that Gold Cross' employees, and only Gold Cross' employees, were handling the stretcher when it tipped over on the tarmac. Gold Cross asserts that Children's Hospital's nurse, who was at least present during the accident, was negligent in failing to supervise Gold Cross' employees when they removed the child from the ambulance. However, Gold Cross cites no Georgia case law to support the proposition that Children's Hospital had such a duty and, aside from that, they do not explain how Children's Hospital's supervision would have prevented Gold Cross' employees from dropping the stretcher.

Gold Cross contends that even if it cannot establish independent acts of negligence, it is still entitled to contribution. It argues that Children's Hospital is vicariously liable for the negligence of Gold Cross' employees because those employees were borrowed or joint servants of both Children's Hospital and Gold Cross, and that Children's Hospital and Gold Cross were therefore joint employers or joint masters.[2] Even if Gold Cross could seek contribution based on Children's

---

[2] In the district court Gold Cross also argued that it and Children's Hospital were engaged in a joint venture. In its opening brief, however, Gold Cross makes only passing references to its joint venture theory, fails to develop or elaborate any argument about that issue, and does not cite

Hospital's potential vicarious liability, Gold Cross has failed to establish that its employees were borrowed or joint servants of Children's Hospital.  To succeed on that theory, Gold Cross would have to show that Children's Hospital exercised "complete control" over Gold Cross' employees.  See Food Giant v. Davison, 362 S.E.2d 447, 448–49 (Ga. Ct. App. 1987); Garden City v. Herrera, 766 S.E.2d 150, 152–53 (Ga. Ct. App. 2014).  Based on the record before us, Gold Cross cannot establish that control.

Gold Cross next contends that it is entitled to contribution because Children's Hospital could not delegate its duty of care to Gold Cross.  Specifically, Gold Cross argues that because Children's Hospital operates an ambulance service and ambulance services are common carriers, Children's Hospital owed a non-delegable duty of extraordinary diligence to its passengers.  That argument fails because Children's Hospital was not acting as an ambulance service or as a common carrier at the time the patient was injured.  See DeMott v. Old Town Trolley Tours of Savannah, Inc., 760 S.E.2d 703, 706 (Ga. Ct. App. 2014) (finding

---

any case law or other authorities relevant to that argument.  Thus, despite its protestations to the contrary in its reply brief, Gold Cross has abandoned that argument.  See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (finding that a party abandoned an issue when he made only "passing references" to it in his opening brief); United States v. Woods, 684 F.3d 1045, 1064 n.23 (11th Cir. 2012) (noting that a party abandons an issue "by failing to develop any argument on it in his opening brief"); United States v. McKinley, 732 F.3d 1291, 1295 n.1 (11th Cir. 2013) (deeming an issue abandoned when a party "did not elaborate any argument regarding [the issue] in his initial brief or cite any authority relevant to such an argument"); United States v. Evans, 473 F.3d 1115, 1120 (11th Cir. 2006) (stating that this Court will not consider "arguments raised for the first time in a reply brief") (quotation marks and alteration omitted).

5

that common carrier's duty of extraordinary diligence is not implicated when "no carrier-passenger relationship existed").

Finally, Gold Cross contends that the district court erred in denying its request to certify the following question to the Georgia Supreme Court: "[W]hether Georgia law permits contribution between two employers, masters or principals . . . both of whom were alleged to be vicariously liable in tort for the acts or omissions of joint employees or agents, where one has paid all of the cost of settling the claim against the two entities."  The decision to certify a question of state law is discretionary.  See Lehman Bros. v. Schein, 416 U.S. 386, 390–91, 94 S. Ct. 1741, 1744 (1974).  Because the Gold Cross employees were not joint or borrowed servants, this case does not raise the question Gold Cross identifies.  As such, the district court did abuse its discretion in refusing to certify that question to the Georgia Supreme Court.

**AFFIRMED.**