## 74824. FOOD GIANT, INC. v. DAVISON.
### (362 SE2d 447)

CARLEY, Judge.

At the time relevant to this appeal, appellee-plaintiff was employed as a truck driver by Stelman Leasing. Stelman Leasing is in the business of hiring out its trucks and drivers to others. In the course of its business, Stelman Leasing hired out a truck and the services of appellee to Charter Express. Charter Express then sent appellee to make delivery of 48,000 pounds of cheese to the Atlanta warehouse of appellant-defendant Food Giant, Inc. Upon his arrival at appellant's warehouse, appellee was told by appellant's dock supervisor that he must unload his own truck or the cheese would not be accepted. Appellee initially refused to comply with this direction and he telephoned both Stelman Leasing and Charter Express for instructions. In these telephone conversations, appellee successfully negotiated for additional payment for unloading the truck, and only then did he agree to do so. After his telephone conversations with representatives of Stelman Leasing and Charter Express, appellee began to unload the cheese from his truck, using the equipment that appellant had provided to him for that purpose. Appellant's shipping clerk told appellee where to put the cheese when it was unloaded. Appellee was also told to separate any damaged cheese, to reload that damaged cheese onto the truck, and to return it to Charter Express as goods which had been rejected by appellant. While reloading the damaged and rejected cheese back onto his truck, appellee injured his foot on a piece of appellant's equipment that he was using.

Appellee brought this suit, alleging that the injury to his foot had been caused by appellant's negligence in providing defective equipment for him to use in unloading and reloading his truck. Among the defenses raised in appellant's answer was the assertion that, because appellee was its "borrowed servant" at the time of his injury, workers' compensation was his only remedy and OCGA § 34-9-11 barred this tort action. Cross-motions for partial summary judgment as to appellant's "borrowed servant" defense were filed. After a hearing, the trial

court granted partial summary judgment in favor of appellee and denied appellant's motion for summary judgment as to this issue. Appellant appeals from the trial court's order granting appellee partial summary judgment as to the "borrowed servant" defense.

"[I]n order for an employee to be a borrowed employee, the evidence must show that '(1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control, and (3) the special master had the exclusive right to discharge the servant.' [Cit.]" *Six Flags Over Ga. v. Hill*, 247 Ga. 375, 377 (1) (276 SE2d 572) (1981). All of these elements must exist and the element of the right to control relates specifically to the occasion when the injury occurred. *Bosch v. Perry*, 169 Ga. App. 28 (1) (311 SE2d 481) (1983). There is apparently no dispute that, notwithstanding his status as a general employee of Stelman Leasing, appellee was a borrowed servant as to Charter Express with regard to the delivery of the cheese to appellant's warehouse. Charter Express had, to the apparent exclusion of Stelman Leasing, complete control and direction over appellee's delivery of the cheese and the exclusive right to discharge him from the performance of that duty. Thus, the issue to be resolved is whether, in unloading and reloading the cheese, appellee left the control and direction that Charter Express exercised over his delivery of the cheese so as to become the borrowed servant of appellant.

"The responsibility of a carrier shall commence with the delivery of the goods to him or to his agent or at the place where the carrier is accustomed or agrees to receive them. The carrier's responsibility shall cease with the delivery of the goods at destination according to the direction of the person sending the goods or according to the custom of the trade." OCGA § 46-9-45. When construed most strongly in favor of appellant, as the non-moving party, the evidence as to the right of control over appellee, in the sense of the authority to direct that he unload and reload the goods, shows the following: Appellee refused to comply with appellant's direction to unload his truck. Only after telephoning those whom he considered to be authorized to give him orders and after being assured that he would be paid for doing so, did appellee undertake the assignment. Appellee was subjected to the same treatment and instructions as any other truck driver who was sent to deliver goods to appellant's warehouse. Appellant's dock supervisor testified that it was common for truck drivers who had not previously delivered goods to appellant's warehouse to balk when informed that they, rather than appellant, would be responsible for unloading their trucks. When any truck driver questioned the directive to unload his own truck, appellant's dock supervisor would always call the driver's employer "to see if the trucking company would make [the driver] move or unload his truck." This was corroborated by the

testimony of appellant's shipping clerk, who testified that the instructions that appellee received "were no different than those given to dozens of truckers on a daily basis and hundreds of truckers on a yearly basis" and "the action taken by [appellant's dock] supervisor with a troublesome trucker would be to call the trucker's employer in order to have the trucker's employer work out the problem."

Under this evidence, it is clear that appellant itself considered that the delivery of goods to its warehouse required more than the arrival of a carrier's loaded truck. Appellant considered that a contract of delivery had been completed only if the carrier's truck driver actually unloaded the goods and reloaded the rejected goods onto the truck. Thus, in directing a carrier's truck driver to unload and reload his truck, appellant was seeking to enforce the carrier's contract of delivery and, in doing so, appellant relied upon the carrier, as the truck driver's employer, rather than upon its own authority as the truck driver's master. "The mere fact that a servant is . . . performing work beneficial to a third person, does not render him the servant of such third person. . . . [Cits.]" *Graham v. Cleveland,* 58 Ga. App. 810, 812-813 (200 SE 184) (1938). In unloading and reloading his truck at appellant's warehouse, appellee was not acting as appellant's borrowed servant, but as the servant of Charter Express. In so doing, appellee was directly engaged in completing Charter Express' contract to deliver goods to appellant. The fact that appellee was under the direction of appellant's employees with regard to some aspects of the performance of the task of unloading and reloading the truck did not make him appellant's borrowed servant. "There is a distinction between the act of merely following directions while giving assistance to another's servant and the status of being within the 'complete control' of another's servant. The former connotes cooperation with another's servant, not the subordination which is implicit in the notion of 'complete control.' [Cit.]" *Jones v. Tingue, Brown & Co.,* 171 Ga. App. 597, 598 (1) (320 SE2d 587) (1984).

"[T]he record here, including the pleadings, discovery proceedings and testimony, plainly and conclusively establishes that [appellee] was not a 'borrowed servant' nor any other kind of servant of [appellant]. [Appellee's] employer, [Charter Express], sent him to the place of business of [appellant] to [deliver goods]. He was [Charter Express'] servant for all of that time. [Appellant] did not dictate the time when [appellee] should work, nor the method of working. [Appellant] simply [told appellee, upon his arrival, where to put the goods and to separate any damaged goods and to reload them on the truck]. As to [appellee, appellant] was a third person, and the statute is very clear that an injured employee may be entitled to collect work[ers'] compensation from his employer and at the same time may maintain an action in tort against a third party who is responsible for

his injuries and damages. [Cits.]" *Avis Truck Rental v. Coggins*, 129 Ga. App. 81, 82 (1) (198 SE2d 716) (1973).

Accordingly, as to the "borrowed servant" defense, the trial court did not err in granting summary judgment in favor of appellee, nor in denying appellant's motion for partial summary judgment as to this issue.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 23, 1987 —
REHEARING DENIED NOVEMBER 4, 1987 — 

*Donald R. Andersen, Robin E. Goff*, for appellant.
*Larry K. Butler, James J. McGinnis, Frank R. Seigel*, for appellee.