76848. SHANNON v. COMBUSTION ENGINEERING, INC.
(372 SE2d 818)

BANKE, Presiding Judge.

This is an appeal from a summary judgment entered in favor of the appellee, Combustion Engineering, Inc., in an action by the appellant to recover damages for an injury arising out of an industrial accident.

The appellant was employed by Ingalls Iron Works, a subcontractor engaged by Georgia Power Company to participate in the construction of a power plant. The appellee had also been engaged by Georgia Power Company as a subcontractor and in that capacity operated a crane at the job site. During the course of the construction, the appellant's hand was crushed by some boards being removed by the crane from the interior of the plant. The appellant received workers' compensation benefits for the injury from his employer but also sought damages from the appellee, alleging, inter alia, that the reason the crane operator had been unable to stop the crane in time to prevent the injury was because commands were not being communicated to him directly from the work site but were being relayed via an intermediary. The appellant contends that had the appellee either employed a direct communication system or informed him of the danger of using the intermediary system, the injury would not have occurred. *Held*:

1. The appellee contends that it was insulated from liability pursuant to the Workers' Compensation Act because at all times relevant to the incident its crane operator was working under the direction and control of the appellant's employer as a "loaned servant." See generally OCGA § 34-9-11.

The loaned servant doctrine applies where " '(1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control, and (3) the special master had the exclusive right to discharge the servant.' " *Six Flags Over Ga. v. Hill,* 247 Ga. 375, 377 (276 SE2d 572) (1981).

In support of its motion for summary judgment, the appellee submitted the affidavit of a foreman working for the appellant's em-

ployer, Ingalls Iron Works, to the effect that the appellee's only function had been to provide the crane service and that, on the particular occasion in question, the crane operator had been working under the supervision and control of Ingalls Iron Works. However, there was no evidence tending to establish that Ingalls Iron Works had the exclusive right to discharge the crane operator or to put another in his place. See *Freeman v. Pumpco*, 167 Ga. App. 312 (306 SE2d 385) (1983). Consequently, the evidence of record does not establish that the crane operator was a loaned servant working for Ingalls Iron Works. It follows that the appellee was not entitled to summary judgment on the basis of the Workers' Compensation Act. Accord *Cleveland Elec. Constructors v. Craven*, 167 Ga. App. 274 (306 SE2d 364) (1983).

2. The appellant concedes that Ingalls Iron Works was responsible for the board removal operation, that a foreman employed by that company had selected the communication system being used at the time of the accident, that the crane operator was operating the crane in a careful and competent manner at the time the injury occurred, and that the operator responded immediately to the order to stop. He contends, however, that the appellee and its crane operator were under a duty to warn him that communications were being relayed to the operator through an intermediary, so as to enable him to take "the necessary steps" to avoid injury. We disagree. It being undisputed that it was not the appellee but rather the appellant's own employer which had devised both the communication system and the process for performing the work in question, we can conceive of no legal theory upon which the appellee could be held liable for the injury. Certainly, the appellee cannot be charged under the circumstances with responsibility for clearing the communication arrangements with the appellant. We consequently hold that the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Kyle Yancey*, for appellant.
*Robert L. Pennington*, for appellee.