A89A1580. SHEETS v. J. H. HEATH TREE SERVICE, INC.
(387 SE2d 155)

CARLEY, Chief Judge.

Appellant-plaintiff was employed by Labor Pool. Labor Pool is in the business of making its employees available to others on a temporary basis. Appellee-defendant contracted with Labor Pool for four temporary laborers to assist in a land-clearing project. Appellant was one of the four Labor Pool employees who was provided to appellee. While engaged in the performance of his duties as appellee's tempo-

rary laborer, appellant was injured. He received workers' compensation benefits from Labor Pool. Appellant then brought this tort action against appellee. Appellee answered and raised the defense that pursuant to OCGA § 34-9-11, workers' compensation was appellant's exclusive remedy. Subsequently, appellee moved for summary judgment. The trial court granted summary judgment in favor of appellee, finding that the undisputed evidence of record showed that appellant was appellee's "borrowed servant." Appellant appeals from the grant of summary judgment in appellee's favor.

" '(I)n order for an employee to be a borrowed employee, the evidence must show that "(1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control; and (3) the special master had the exclusive right to discharge the servant." (Cit.)' [Cit.] All of these elements must exist and the element of the right to control relates specifically to the occasion when the injury occurred. [Cit.]" *Food Giant v. Davison*, 184 Ga. App. 742, 743 (362 SE2d 447) (1987). The evidence of record establishes that Labor Pool, as appellant's general master, is in the very business of temporarily "loaning" its employees to others. Compare *Shannon v. Combustion Engineering*, 188 Ga. App. 239 (372 SE2d 818) (1988); *Food Giant v. Davison*, supra. So long as appellant was unassigned to a special master, Labor Pool obviously retained some control over him, including the right to terminate his employment as its "lendable servant." However, once there was an assignment of appellant to a special master, Labor Pool relinquished that control during the existence of the "borrowed servant" relationship. Insofar as the land-clearing project is concerned, appellant was in the exclusive control of appellee, and appellee had the right to discharge him from the performance of his duties. Accordingly, on the occasion when appellant's injury occurred, he was, as to appellee, a "borrowed servant." The trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 29, 1989 —
REHEARING DISMISSED OCTOBER 24, 1989.

*Jean W. Levy*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, E. Alan Miller*, for appellee.