A94A2097. COCA-COLA COMPANY v. NICKS.
(450 SE2d 838)

JOHNSON, Judge.

Sonya Nicks was injured when she stepped into a partially uncovered manhole on the sidewalk adjacent to the headquarters of the Coca-Cola Company ("Coca-Cola"). The accident occurred as Nicks was leaving her job at Coca-Cola, where, as she asserts in her complaint, she had been working for several months as an employee on loan from Volt Temporary Agencies. Nicks collected workers' compensation benefits from Volt, including a $20,000 lump sum settlement prior to initiating this premises liability action against Coca-

Cola, Coca-Cola Enterprises and the City of Atlanta alleging negligent maintenance of the sidewalk. Coca-Cola Enterprises and the City of Atlanta were later dismissed from the suit. Coca-Cola moved for summary judgment asserting that, as a "borrowed servant," Nicks' sole remedy, as a matter of law, lay in workers' compensation. We granted Coca-Cola's application for interlocutory review of the trial court's denial of the motion which concluded that genuine issues of fact remain regarding Nicks' employment status.

"In order for an employee to be a borrowed employee, the evidence must show that (1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control; and (3) the special master had the exclusive right to discharge the servant. All of these elements must exist and the element of the right to control relates specifically to the occasion when the injury occurred." (Citations and punctuation omitted.) *Sheets v. J. H. Heath Tree Svc.*, 193 Ga. App. 278, 279 (387 SE2d 155) (1989). See also *Stephens v. Oates*, 189 Ga. App. 6 (374 SE2d 821) (1988). Volt, the general employer in this case, assigned Nicks to work at Coca-Cola. Nicks was trained, supervised, and given assignments by Coca-Cola personnel, and worked alongside Coca-Cola employees at the same tasks. Nicks enjoyed the same privileges as those employees, including eating in the cafeteria, shopping at the Coca-Cola store, and using the credit union. She was subject to the same dress code and rules of the company. Coca-Cola had the exclusive authority to terminate her employment, a right which it ultimately exercised. We disregard the hearsay testimony proffered by Nicks in her affidavit given in opposition to Coca-Cola's motion for summary judgment regarding who could control her work at Coca-Cola, as it directly contradicts her sworn deposition testimony. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). The record clearly establishes that Nicks was a borrowed servant at the time of her injury.

An employee, working as a borrowed servant, may recover for injuries sustained in connection with his work from either his general or special employer, or in some instances, both. Such recovery, however, is limited to those benefits available under workers' compensation law. A plaintiff may not recover compensation benefits from one of the employers and maintain an action against the other employer in tort. *U. S. Fidelity &c. Co. v. Forrester*, 230 Ga. 182, 185 (196 SE2d 133) (1973). Nicks elected to recover workers' compensation benefits from Volt. She cannot now recover in tort from Coca-Cola.

Alternatively, Nicks now suggests that she was employed by Coca-Cola Enterprises, Inc. rather than Coca-Cola. In so doing, she would transform Coca-Cola into nothing more than the owner of the premises on which she was injured. The record however does not support this metamorphosis. In her affidavit, Nicks states that she is un-

clear "as to the company I was assigned to, I am sure I handled accounts for both Coca-Cola Company and Coca-Cola Enterprises." Because she admits to having been employed at least in part by Coca-Cola, this case is not controlled by our Supreme Court's decision in *Yoho v. Ringier of America*, 263 Ga. 338 (434 SE2d 57) (1993), or this court's recent decision in *Dye v. Trussway, Inc.*, 211 Ga. App. 139 (438 SE2d 194) (1993), which applies *Yoho*. "In combination, OCGA §§ 34-9-8 (a) and 34-9-11 grant tort immunity to contractors who are secondarily liable for workers' compensation benefits. Our law, however, does not grant tort immunity to owners, who are not contractors, even though they are in control of premises and are actively involved in the enterprise in which an employee was injured. [Cit.] An owner who is not a contractor owing an obligation of performance to another is not a secondary employer even if a subcontractor owes a duty of performance to the owner." Id. at 140. In this case, by Nicks' own admission, she worked at least partially for Coca-Cola. As an employer and not merely the owner of the property on which Nicks was injured, Coca-Cola is entitled to tort immunity. For the foregoing reasons, the trial court's denial of Coca-Cola's motion for summary judgment was error.

*Judgment reversed. Andrews and Ruffin, JJ., concur. Beasley, P. J., not participating.*

DECIDED NOVEMBER 18, 1994 —
RECONSIDERATION DENIED NOVEMBER 30, 1994.

*Freeman & Hawkins, Joe C. Freeman, Jr., Charles R. Beans,* for appellant.
*Ronald J. Freeman, Martin C. Jones,* for appellee.