A97A2185. LEWIS v. GEORGIA-PACIFIC CORPORATION.

(496 SE2d 280)

ANDREWS, Chief Judge.

Ellis Lee Lewis appeals from the trial court's order granting summary judgment to Georgia-Pacific Corporation on Lewis's complaint for injuries received while cleaning out chemical tanks at Georgia-Pacific's resin plant. Lewis claims the trial court erred in determining that his rights and remedies were limited to the provisions of the Workers' Compensation Act. We affirm the judgment of the trial court.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Citation and emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The evidence, viewed in the light most favorable to Lewis as nonmovant, showed that from the end of 1991 to February 1996, Lewis worked for Wendell Patton who contracted employees out to other businesses on a temporary basis. Wendell Patton contracted Lewis out to Georgia-Pacific, and Lewis worked at Georgia-Pacific from November 1, 1991 to October 1994. While he worked at Georgia-Pacific, Lewis's duties consisted of cleaning out chemical tanks, sweeping and unloading trucks. As a result of this exposure to chemicals, Lewis claims he received burns on the exposed parts of his body and now suffers hallucinations in which he believes worms are crawling out of the keloid scars resulting from the burns.

Georgia-Pacific filed a motion for summary judgment which the trial court granted. The court found Lewis's claim to be barred by the Workers' Compensation Act under either the "borrowed servant" doctrine or under the exclusivity provision of OCGA § 34-9-11 (c) because he was an employee of a temporary help contracting firm. Lewis appeals this decision, claiming he does not meet the criteria for a borrowed servant and, therefore, Georgia-Pacific is liable in tort for his on-the-job injuries.

In order for Lewis to be considered the "borrowed servant" of

Georgia-Pacific, the evidence must show that "(1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control, and (3) the special master had the exclusive right to discharge the servant." (Punctuation omitted.) *Six Flags Over Ga. v. Hill*, 247 Ga. 375, 377 (276 SE2d 572) (1981), quoting *U. S. Fidelity &c. Co. v. Forrester*, 230 Ga. 182, 183 (196 SE2d 133) (1973). "An employee, working as a borrowed servant, may recover for injuries sustained in connection with his work from either his general or special employer, or in some instances, both. Such recovery, however, is limited to those benefits available under workers' compensation law." *Coca-Cola Co. v. Nicks*, 215 Ga. App. 381, 382 (450 SE2d 838) (1994).

Here, the undisputed evidence showed that Lewis was the borrowed servant of Georgia-Pacific. Lewis testified at his deposition as follows: "Q. Now, all the instructions as to what to do and how to do and what you were supposed to do over at the Georgia Pacific plant, whatever that you got, it would have been given to you by Georgia Pacific people because Wendell Patton wasn't over there; isn't that correct? A. I believe so. Q. And somebody from Georgia Pacific told you everything about what to do, how to do it, and when to do it; isn't that correct? A. Told me, yes, told me what to do and when to do it, yeah. Q. And if anybody was to give you any kind of instructions on what to do and how to do it, it would have had to have been Georgia Pacific people? It couldn't have been Mr. Patton because Mr. Patton wasn't over there; isn't that correct? A. That's correct."

Lewis's own testimony shows that the first two prongs of the borrowed servant doctrine, that the special employer had complete control and direction of the work and the general employer had none, are satisfied. Although Lewis argues that Georgia-Pacific did not have complete control because Patton provided for his transportation to and from work and pressured him to go to work at the Georgia-Pacific plant, that does not affect the outcome. Lewis was under the control and direction of Georgia-Pacific at the time the injury complained of occurred. Therefore, it is immaterial whether or not he was always under the control and direction of Georgia-Pacific. *Six Flags*, supra at 377.

In looking at the third prong, Wendell Patton stated in his affidavit that Georgia-Pacific had the exclusive right to discharge any of his employees from work at its facility and had exercised that right more than once. This affidavit is undisputed. Therefore, the evidence shows that Lewis was a borrowed servant at the time of his injury. Accordingly, Lewis's remedy, if any, is limited to workers' compensation benefits, and he is barred from suing Georgia-Pacific in tort for his on-the-job injuries. *Six Flags*, supra; *Coca-Cola*, supra.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 15, 1998.

*Clyde W. Royals*, for appellant.
*Alston & Bird, Elizabeth A. Gilley, Elizabeth P. Whitener, Davis, Gregory, Christy & Forehand, John N. Davis*, for appellee.