A99A0694. BERRY v. DAVIS FEED & SEED, INC.
(516 SE2d 812)

Judge Harold R. Banke.

Berry appeals the trial court's grant of Davis Feed & Seed, Inc.'s motion for summary judgment.

Berry, an employee of M. L. Teston Construction Company ("Teston Construction") brought this action against Davis Feed & Seed ("Davis Feed") and Glenn Davis to recover for injuries sustained in an

on-the-job accident. At the time of the accident, Teston Construction was building a personal residence for Davis, who is Davis Feed's president and sole shareholder. Employees of Davis Feed had been dispatched to the construction site to assist in the raising of a wall. Berry was injured when the wall fell on him. In his complaint, he charged Davis Feed's employees with negligence in causing the fall and sought to hold Davis Feed vicariously liable under the doctrine of respondeat superior.

Berry filed a claim for workers' compensation benefits against Teston Construction, Davis Feed, and Davis Feed's workers' compensation insurer. Teston Construction did not have workers' compensation insurance. Although it does not appear that Davis was a party to that proceeding, he was dismissed as a defendant in this suit after Berry's claim was settled.

Davis Feed sought summary judgment under the borrowed servant rule and fellow servant doctrine. The borrowed servant rule is an exception to the doctrine of respondeat superior and provides that an employer lending its employee to another is not responsible for any negligence of the employee committed while within the scope of his employment by the other. *Hoffman v. Wells*, 260 Ga. 588, 589 (2) (397 SE2d 696) (1990). Under the fellow servant doctrine, a borrowed servant is an employee of the borrowing employer and entitled to the tort immunity of the borrowing employer under the exclusive remedy provision of the workers' compensation statute, OCGA § 34-9-11. See *Burt v. Underwood*, 258 Ga. 207 (367 SE2d 230) (1988).

Berry argues that conflicts in the evidence create a material issue of fact on the question of whether Davis Feed's employees were borrowed servants of Teston Construction when he was injured. As an alternative theory of recovery, Berry asserts that evidence of extensive involvement by Davis Feed's employees in the construction of Davis' residence gives rise to an inference that Davis Feed was acting in the role of principal contractor for the project. Berry uses this assertion as a basis for arguing that Davis Feed owed him a duty of care. But under OCGA § 34-9-8 (a), a principal contractor is a statutory employer of an employee of an intermediate or subcontractor and therefore entitled to workers' compensation tort immunity. *Yoho v. Ringier of America*, 263 Ga. 338 (434 SE2d 57) (1993).

The evidence shows that Teston Construction is owned by Martin Teston and is engaged in the business of building houses. Davis Feed is in the business of selling agricultural products. For building his house, Davis agreed to pay Teston Construction its costs plus ten percent. While the house was being built, Martin Teston telephoned Davis and informed him that he needed additional manpower in order to raise the wall. Davis sent certain of Davis Feed's employees to assist in the task. The wall fell on Berry as employees of both com-

panies were attempting to raise it. Davis was not present at the construction site at the time. Teston was always there.

> In order to determine when a loaned employee is considered a borrowed servant, three factors must be demonstrated: (1) The borrowing employer must have complete control and direction over the employee for the occasion; (2) the lending employer must have no such control and (3) the borrowing employer must have the exclusive right to discharge the employee. [Cit.]

*Staffing Resources v. Nash*, 218 Ga. App. 525, 526 (1) (462 SE2d 401) (1995). As to the third requirement, "the temporary employer's exclusive power to discharge must relate only to the temporary assignment." Id.

Teston, Davis, and employees of Davis Feed all testified that during the raising of the wall Davis Feed's employees were under the exclusive control and direction of Teston. Davis testified that if any of Davis Feed's employees had been unable to perform the required work, Teston would have been the one to take them off the job. Both Teston and Davis testified that Davis Feed's employees did not otherwise participate in the construction of the house, other than to clean up construction debris under Teston's direction.

Berry, on the other hand, testified that employees of Davis Feed were continually on the premises assisting with construction activities. Berry also averred that, in attempting to raise the wall, at least one of Davis Feed's employees (the warehouse foreman) was acting in a supervisory capacity by telling him and others what to do. Berry, however, admitted that he never saw Davis giving instructions to any employees at the construction site; that no one affiliated with Teston Construction told him to take instructions from any of Davis Feed's employees; and that, as far as he knew, Davis Feed's employees were taking their instructions from Teston.

Although inconsistencies exist between Berry's testimony and that presented by Davis Feed, there is no material conflict requiring submission of the case to a jury. Davis Feed's witnesses testified without dispute that at the time of Berry's injury, employees of Davis Feed were under the exclusive control and direction of Teston. Obviously, Davis could not have discharged them from their temporary assignment, as he was not even on the premises.

Application of the law to the evidence entitled Davis Feed to summary judgment under either of Berry's theories of recovery.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 1999.

*Richard W. Summers*, for appellant.

*Forbes & Bowman, Morton G. Forbes, Johnny A. Foster*, for appellee.