A99A1628, A99A1629. HOWARD v. J. H. HARVEY COMPANY, INC. et al.; and vice versa.
(521 SE2d 691)

JOHNSON, Chief Judge.

Deborah Howard sued J. H. Harvey Company, Inc. (hereafter "Harvey"), Charlie Ross and Alvin Stephens for intentional infliction of emotional distress, false arrest, assault and battery, and defamation following an incident in Harvey's grocery store. She also accused Ross of negligent hiring. These related cases involve the grant of summary judgment to Ross based on the borrowed servant doctrine. Harvey also appeals the trial court's application of the doctrine of respondeat superior to it. For reasons which follow, we reverse the grant of summary judgment to Ross, appealed in both cases, and affirm the denial of summary judgment to Harvey based on the doctrine of respondeat superior, appealed in Case No. A99A1629.

On appeal of the grant of summary judgment, this court applies a de novo review of the evidence to determine whether any question of material fact exists. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant meets this burden by "showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The record in this case shows that Alvin Stephens worked at Harvey's store pursuant to the store's agreement with Charlie Ross d/b/a Ross Security Agency. While providing security at Harvey's store, Stephens followed the instructions of, and took directions from, store managers. However, Stephens was not Harvey's employee, and he was trained and instructed regarding his job duties by Ross. Before beginning his job at Harvey's store, Ross instructed Stephens that he was to serve only in a backup capacity to store managers in the arrest and detention of shoplifters. He was never to touch a suspected shoplifter, and unless immediate response was absolutely necessary, he was never to approach a suspected shoplifter without a store manager's approval or without a witness. Stephens was aware of these instructions and specifically knew that if he suspected an individual of shoplifting, he was supposed to get a manager to handle the situation. However, Harvey store employees testified on deposition that Stephens had the authority to act immediately and was allowed to stop a store customer outside the presence of a manager if he actually saw the customer take an item from the store and either start eating it or start running for the door.

One evening, Howard stopped by Harvey's store to pick up groceries. Stephens was asked by a Harvey store employee to keep an eye on Howard because she was a suspected shoplifter. The parties dispute what happened after Stephens began monitoring Howard.

According to Howard, she shopped for several items before proceeding to the floral display to look for a plant. While looking at plants, she was approached by Stephens, who told her the store manager had said she was shoplifting and ordered Stephens to get her. Harvey employees and Stephens testified on deposition that Stephens was requested only to watch Howard, was never told to approach Howard, and decided on his own to approach her. According to Howard, Stephens made Howard open her purse, show him the contents, and show him how she intended to pay for the items in her shopping cart. He threatened that she would go to jail if she did not

cooperate and speak with a store manager.

As Howard turned to retrieve her shopping cart, Stephens grabbed her by her upper arm and turned her back around, causing severe bruising. He held her by the arm "a minute or two" while he loudly ordered her several times to shut up, leave her shopping cart alone, and follow him to the front of the store or she would go to jail. Stephens denies that he ever touched Howard. According to Howard, when they got to the front of the store, Stephens told her to "shut up" in a loud voice in front of other customers and told her to stand by him or she would go to jail. Stephens denies ever raising his voice or telling her to "shut up."

The store manager asked Stephens if he knew whether Howard had stolen anything. Stephens told the store manager that Howard was acting suspiciously, but admitted that he did not know if Howard had stolen anything. The store manager concluded there was no evidence that Howard had stolen anything, instructed Stephens to leave, and approved Howard's check for her purchases. The entire incident lasted less than 15 minutes, and Ross was not present for any of the incident.

Both Harvey and Ross filed motions for summary judgment. After considering the briefs and conducting two separate hearings, the trial court granted Ross' motion in its entirety and partially granted Harvey's motion. The trial court found that Stephens was under the complete control and direction of Harvey during the alleged injury and that Ross had no such control. The court further found that part of the borrowed servant test had been met based on Harvey's ability to discharge Stephens from the specific task assigned him. Howard and Harvey contend the trial court erred in applying the borrowed servant exception to the doctrine of respondeat superior.

1. In order for an employee of one employer to be a borrowed employee or servant of another employer, the evidence must show that (1) the borrowing employer had complete control and direction over the employee for the occasion; (2) the lending employer had no such control; and (3) the borrowing employer had the exclusive right to discharge the employee. *Preston v. Ga. Power Co.*, 227 Ga. App. 449, 451 (1) (489 SE2d 573) (1997). All three prongs of the test must focus on the occasion when the injury occurred rather than the work relationship in general. Id.; *Stephens v. Oates*, 189 Ga. App. 6, 7 (1) (374 SE2d 821) (1988).

Where an employer can show that its employee who has been loaned to another is a borrowed servant, that employer is entitled to summary judgment as to the issue of respondeat superior liability concerning the employee's alleged misconduct. *Staffing Resources v. Nash*, 218 Ga. App. 525 (462 SE2d 401) (1995).

## Case No. A99A1628

2. Howard contends the trial court erred in applying the borrowed servant exception and granting summary judgment to Ross because the evidence does not prove that Harvey had the exclusive right to discharge Stephens on the occasion when the injury occurred. We agree.

The exclusive right to discharge must relate only to the temporary assignment. *Nash*, supra at 526 (1). The trial court found that this requirement of the borrowed servant doctrine was met because Harvey had the exclusive right to discharge Stephens from his specific task, namely, observing and/or detaining Howard. We disagree.

Although Harvey's store manager told Stephens to return to his security job in the store after he had concluded there was insufficient evidence to detain Howard, this does not equate with discharging Stephens from his temporary assignment or his particular task of providing security. The parties have not pointed to any evidence, and we can locate no evidence in the record before us, establishing that Harvey had the exclusive right to discharge Stephens from his job at Harvey's store or from his particular job of providing security. Compare *Berry v. Davis Feed & Seed*, 237 Ga. App. 768, 770 (516 SE2d 812) (1999) (lending employer testified that borrowing employer would have been the one to take the employee off the job); *Lewis v. Ga.-Pacific Corp.*, 230 Ga. App. 201, 202 (496 SE2d 280) (1998) (lending employer stated by affidavit that borrowing employer had the exclusive right to discharge any of his employees from work at its facility and had exercised the right previously); *Preston*, supra (undisputed testimony was presented that borrowing employer had unilateral authority to discharge the employee from the particular work he was engaged in and had done so on occasion).

Consequently, the evidence of record does not establish as a matter of law that Stephens was a borrowed servant working for Harvey. See *Southern R. Co. v. Hand*, 216 Ga. App. 370, 371 (1) (454 SE2d 217) (1995); *Shannon v. Combustion Engineering*, 188 Ga. App. 239, 240 (1) (372 SE2d 818) (1988); *Freeman v. Pumpco, Inc.*, 167 Ga. App. 312, 314 (306 SE2d 385) (1983). The grant of summary judgment in favor of Ross on the claims based on the borrowed servant exception (assault and battery, false arrest and intentional infliction of emotional distress) is hereby reversed. We need not address the grant of summary judgment in favor of Ross on all other claims since these issues have not been appealed.

3. Based on our decision in Division 2, we need not address Howard's contention that the trial court erred in applying the borrowed servant exception because the evidence does not prove that Harvey

had complete control over Stephens on the occasion when the injury occurred.

### Case No. A99A1629

4. In this separate appeal, Harvey also challenges the trial court's application of the borrowed servant exception and grant of summary judgment in favor of Ross as to Howard's claims. This enumeration of error has already been addressed in Division 2 and is, therefore, rendered moot in this appeal. Thus, we need not even address whether Harvey has standing to appeal the grant of summary judgment to Ross, a co-defendant, where Ross moved for summary judgment strictly against the plaintiff and not against Harvey's cross-claim.

5. Harvey also contends the trial court erred in applying the doctrine of respondeat superior to it. We disagree.

An employer can be held liable under the doctrine of respondeat superior for the intentional torts of an independent security guard only when they are committed in the scope of his employment against the employer's invitees. *U. S. Shoe Corp. v. Jones*, 149 Ga. App. 595, 596 (1) (255 SE2d 73) (1979); see also *Peachtree-Cain Co. v. McBee*, 254 Ga. 91, 94 (2) (327 SE2d 188) (1985). "[T]he test of liability is whether the tort was done within the scope of the actual transaction of the master's business for accomplishing the ends of his employment." (Punctuation and footnote omitted.) *New Madison &c. v. Gardner*, 231 Ga. App. 730, 732 (1) (499 SE2d 133) (1998). If the act is within the class of activities performed on behalf of the employer, the master is bound, even though the employee is not authorized to perform the particular act or is forbidden to perform the particular act. *Bacon v. News-Press &c. Co.*, 188 Ga. App. 703, 705 (373 SE2d 797) (1988). Only where the employee's alleged misconduct is entirely disconnected from his employer's business and wholly personal to himself will the employer escape liability. *Brown v. AMF Bowling Centers*, 236 Ga. App. 277-278 (1) (511 SE2d 619) (1999).

In the present case, Stephens confronted Howard in his capacity as a security guard. He was attempting to accomplish the ends of his employment, saving Harvey from a shoplifter. While Stephens may have approached Howard on his own, without first getting a manager, it is clear that he was not acting for some personal motive. Except in plain and indisputable cases, the question of whether the employee is acting in the prosecution of his employer's business and in the scope of his employment at the time of an injury to another is a jury question. *Brown*, supra at 277. The trial court did not err in applying the doctrine of respondeat superior to Harvey and denying

Harvey's motion for summary judgment on this ground.

*Judgment affirmed in part and reversed in part in Case No. A99A1629. Judgment reversed in Case No. A99A1628. McMurray, P. J., and Phipps, J., concur.*

DECIDED AUGUST 18, 1999.

*Custer & Custer, Cawthon H. Custer, Eugene C. Black, Jr.*, for appellant.

*Clyatt, Clyatt & DeVaughn, Robert M. Clyatt, Carl G. Fulp III*, for J. H. Harvey Co.

*Goldner, Sommers, Scrudder & Bass, Glenn S. Bass, William W. Horlock, Jr.*, for Ross.