A03A2335. GIBSON v. TIM'S CRANE & RIGGING, INC.
(596 SE2d 215)

RUFFIN, Presiding Judge.

Jeff Gibson was injured when he was shocked while working on a construction site. Gibson sued Tim's Crane & Rigging, Inc. ("Tim's Crane"), alleging that the negligence of its crane operator caused the incident. Tim's Crane moved for summary judgment, asserting that it could not be held liable because the crane operator was a "borrowed servant" of the general contractor. The trial court agreed, granting the motion for summary judgment. On appeal, Gibson contends that the trial court erred in concluding, as a matter of law, that the crane operator was a borrowed servant. Gibson also contends that the trial court erred in permitting Tim's Crane to raise the borrowed servant defense, which was not included in the pretrial order. For reasons that follow, we affirm in part and reverse in part.

On appeal from the grant of summary judgment, we review the evidence de novo to determine the existence of any issue of material fact.[1] Summary judgment is proper

> where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. A defendant meets this burden

---

[1] See *Howard v. J. H. Harvey Co.*, 239 Ga. App. 677, 678 (521 SE2d 691) (1999).

by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[2]

Viewed in this manner, the record demonstrates that on February 12, 2002, Pinkerton & Laws, Inc. ("Pinkerton"), as the general contractor for a construction site, entered into a contract with Tim's Crane. The agreement provided, in pertinent part, that the parties expressly agreed

> that the equipment and all persons operating the equipment including [Tim's Crane's] employees are under the exclusive jurisdiction, supervision and control of [Pinkerton] under this lease. It shall be the duty of [Pinkerton] to give specific instructions and directions to all persons operating the leased equipment. [Pinkerton] specifically agrees that there is a complete surrender by [Tim's Crane] of control with regard to the aforementioned personnel and equipment and not simply a division of control. This lease is upon the agreement of the parties that no personnel will be replaced or substituted by [Tim's Crane] except at the direction of and with the approval of [Pinkerton] and that [Pinkerton] shall have the right to control and shall be deemed to have exercised that right as to all details or operation of the equipment and personnel furnished.

Pursuant to this agreement, Tim's Crane employee David Fischer operated a crane at the construction site. According to Fischer's deposition testimony, when he arrived at the job site, he was concerned about nearby power lines, and he questioned a Pinkerton employee about them. Fischer then walked around the construction site to determine a safe distance from which he could operate the crane, which he testified was ten feet. Pinkerton wanted to use its own rigging on the crane, and Fischer told Pinkerton's employees to bring the rigging "to the operator's side" of the crane so that the load would not swing toward the power line.

Fischer began using the crane to lift the rebar from a truck and lower it to the ground. Gibson, along with another worker, was supposed to steady the rebar as it was being lowered. As the crane was lowering the load, it passed too close to the power line, and the current "arced" to the rebar, shocking Gibson, who was touching the metal.

---

[2] (Citation and punctuation omitted.) Id.

Gibson subsequently filed suit against Tim's Crane, asserting that it was liable for Fischer's negligence under the theory of respondeat superior. Tim's Crane moved for summary judgment, which the trial court granted. Specifically, the trial court found as a matter of law that Fischer was a borrowed servant of Pinkerton. In reaching its conclusion, the trial court relied heavily on the contract between Pinkerton and Tim's Crane, which assigned control to Pinkerton. Gibson moved the trial court to reconsider its ruling, noting that Tim's Crane had not raised the borrowed servant defense in the pretrial order. The trial court denied Gibson's motion and permitted Tim's Crane to amend the pretrial order. This appeal ensued.

1. According to Gibson, the trial court erred in concluding that Fischer was a borrowed servant of Pinkerton. Under this exception to respondeat superior, " '[i]f a master lends his servants to another then the master is not responsible for any negligence of the servant committed within the scope of his employment by the other.' "[3]

In order for an employee to be considered the borrowed servant of a special master, the evidence must establish the following: "(1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control[;] and (3) the special master had the exclusive right to discharge the servant."[4] Under the first prong, the master must have complete control over the employee's actions at the time of the alleged injury.[5]

Here, the evidence demonstrates that Fischer perused the job site to determine how to operate the crane safely given the power lines, and he instructed Pinkerton's employees that the rebar should be unloaded away from the power lines. The record also shows that Fischer was certified to operate cranes, which at least raises an inference that the task required special skill such that he could not completely abdicate control to Pinkerton. Under these circumstances, the scope of Pinkerton's control was insufficient to establish as a matter of law that Fischer was a borrowed servant.[6]

Although, as noted by the trial court, the parties signed a contract purporting to establish a borrowed servant relationship, the existence of such contract is not dispositive.[7] Rather, we look to the

---

[3] *Staffing Resources v. Nash*, 218 Ga. App. 525 (1) (462 SE2d 401) (1995).

[4] (Punctuation omitted.) *Six Flags Over Ga. v. Hill*, 247 Ga. 375, 377 (1) (276 SE2d 572) (1981).

[5] See id.

[6] See *Southern R. Co. v. Hand*, 216 Ga. App. 370, 371 (1) (454 SE2d 217) (1995); *Turner v. Sumter Self Storage Co.*, 215 Ga. App. 92, 94 (2) (449 SE2d 618) (1994); *Flowers v. U. S. S. Agri-Chemicals*, 139 Ga. App. 430, 431-433 (2) (228 SE2d 392) (1976).

[7] See *Allison v. Nat. Assn. for the Self-Employed*, 187 Ga. App. 592-593 (1) (370 SE2d 841) (1988) (contract establishing employer-independent contractor relationship presumed accurate unless the evidence shows otherwise).

evidence to determine whether the three prongs of the borrowed servant test have been met.[8] As the evidence of record, construed in favor of Gibson, fails to show that Pinkerton had complete control over Fischer, the trial court erred in granting summary judgment in favor of Tim's Crane on this basis.[9]

2. In his second enumeration of error, Gibson argues that the trial court erred in permitting Tim's Crane to amend the pretrial order to include the borrowed servant defense. We disagree. "In the absence of an abuse of discretion, a trial court's action in creating, enforcing, and modifying a pretrial order will not be disturbed on appeal."[10] Here, although the words "borrowed servant" did not appear either in Tim's Crane's answer or the pretrial order, the issue was raised through a motion for summary judgment. Under these circumstances, permitting Tim's Crane to amend the pretrial order led to "neither prejudice arising out of surprise nor waiver as a matter of law."[11] Accordingly, we find no abuse of discretion in the trial court's permitting Tim's Crane to amend the pretrial order.[12]

*Judgment affirmed in part and reversed in part. Smith, C. J., and Miller, J., concur.*

DECIDED MARCH 3, 2004 —

Savage, Turner, Pinson & Kaisman, Brent J. Savage, Christopher D. Britt, Kathryn H. Pinckney, for appellant.
Oliver, Maner & Gray, Patricia T. Paul, Jeffery L. Arnold, for appellee.

---

[8] See *Six Flags*, supra.
[9] See *Turner*, supra.
[10] *Driggers v. Campbell*, 247 Ga. App. 300, 302 (1) (543 SE2d 787) (2000).
[11] Id.
[12] See id.