## S04G1147. TIM'S CRANE & RIGGING, INC. v. GIBSON.
### (604 SE2d 763)

CARLEY, Justice.

Pinkerton & Laws, Inc. (Pinkerton), as the general contractor for a construction project, leased a crane from Tim's Crane & Rigging, Inc. (Tim's Crane). David Fischer, a certified crane operator who was generally employed by Tim's Crane, delivered and operated the crane. While Jeff Gibson, who was temporarily employed by Pinkerton, was guiding a load of rebar to the ground, the crane passed close to a power line, and an electrical shock injured him when the current arced to the rebar. Gibson brought suit against Tim's Crane, alleging that the negligence of the crane operator caused his injuries. The trial court granted summary judgment in favor of Tim's Crane on the ground that, pursuant to the express terms of the lease of the crane, Fischer was not its employee, but was, instead, a "borrowed servant" of Pinkerton. The Court of Appeals affirmed in part and reversed in part, holding that the trial court did not abuse its discretion in permitting Tim's Crane to amend the pre-trial order to include the borrowed servant defense, but that it erred in granting summary judgment:

> Here, the evidence demonstrates that Fischer perused the job site to determine how to operate the crane safely given the power lines, and he instructed Pinkerton's employees that the rebar should be unloaded away from the power lines. The record also shows that Fischer was certified to

operate cranes, which at least raises an inference that the task required special skill such that he could not completely abdicate control to Pinkerton. Under these circumstances, the scope of Pinkerton's control was insufficient to establish as a matter of law that Fischer was a borrowed servant. [Cits.]

*Gibson v. Tim's Crane & Rigging*, 266 Ga. App. 42, 44 (1) (596 SE2d 215) (2004). This Court granted certiorari to consider whether Fischer's certification as a crane operator and his communication of safety-related information to other employees was sufficient to remove him from the complete control of Pinkerton in its capacity as the special master. Because the contract of hire between Tim's Crane and Pinkerton established that Fischer was a borrowed servant as a matter of law, we hold that the Court of Appeals erred in reversing the grant of summary judgment in favor of Tim's Crane. That portion of the Court of Appeals' judgment which relates to amendment of the pre-trial order is affirmed.

The borrowed servant doctrine in Georgia, particularly in conjunction with the hiring of equipment or other personal property, is rooted in statutory law:

> If the bailor sends his own agents with the thing bailed, the hirer shall not be liable for the acts of such agents but shall only be liable either to the bailor or to third persons for the consequences of his own directions and for gross neglect.

OCGA § 44-12-62 (b). See also OCGA §§ 51-2-2, 51-2-5 (5). The reference to the hirer's "own directions" in OCGA § 44-12-62 (b) refers to the borrowed servant doctrine. Thus, although Tim's Crane is the bailor of the crane, it is not liable if the injury to Gibson was the consequence of Pinkerton's direction of Fischer. *Montgomery Trucking Co. v. Black*, 231 Ga. 211, 213 (200 SE2d 882) (1973). See also *Sims Crane Svc. v. Ideal Steel Products*, 750 F2d 884, 886 (II) (A) (11th Cir. 1985). The requirements for the borrowed servant doctrine to apply are well settled in this state:

> [I]n order for an employee to be a borrowed employee, the evidence must show that "(1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control, and (3) the special master had the exclusive right to discharge the servant." [Cit.]

*Six Flags Over Ga. v. Hill*, 247 Ga. 375, 377 (1) (276 SE2d 572) (1981).

In determining which of two masters is liable for the negligence of a servant, Georgia, like many other jurisdictions, gives great weight to the servant's skill in operating heavy or complex equipment. *Coggin v. The Central R. Co.*, 62 Ga. 685, 691 (2) (1879); Restatement (Second) of Agency § 227 comment c (1958 & Appendix); Anno., 17 ALR2d 1388. Justice Bleckley explained the principle masterfully in *Coggin*, but specifically excepted those instances where there is an express contract as to risk whereby responsibility for the negligence of the servant is waived or renounced. *Coggin v. The Central R. Co.*, supra at 685 (3), 694 (3). Indeed, the provisions of OCGA § 44-12-62 (b) exempting the hirer from liability do not apply "where the hirer, by express contract, accepts the owner's agent as his employee for the duration of the contract." *Bowman v. Fuller*, 84 Ga. App. 421-422 (3) (66 SE2d 249) (1951). Compare *Allison v. Nat. Assn. for the Self-Employed*, 187 Ga. App. 592 (1) (370 SE2d 841) (1988) (independent contractor). As recited by the Court of Appeals, the contract between Tim's Crane and Pinkerton explicitly sets forth each requirement of the borrowed servant doctrine. *Gibson v. Tim's Crane & Rigging*, supra at 43.

> Whether or not [Pinkerton] ever assumed any control or supervision of [Fischer, it] acquired the right to do so and accepted the status of an employer. Because of this, any negligence of [Fischer] . . . would not change the situation, as such negligence under the circumstances would be chargeable to [Pinkerton] rather than to [Tim's Crane].

*Bowman v. Fuller*, supra at 429 (3). See also *Ed Smith & Sons, Inc. v. Mathis*, 217 Ga. 354, 356 (2) (122 SE2d 97) (1961); *Brown v. Smith & Kelly*, 86 Ga. 274, 276-277 (12 SE 411) (1890). "[T]he contract between the parties is controlling as to their responsibilities thereunder." *Montgomery Trucking Co. v. Black*, supra at 213.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 25, 2004 —
RECONSIDERATION DENIED DECEMBER 9, 2004.

*Jones, Osteen, Jones & Arnold, Jeffery L. Arnold, Oliver, Maner & Gray, Patricia T. Paul*, for appellant.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Barrow, Sims, Morrow & Lee, Jordon D. Morrow, Herndon & Costner, Thomas R. Herndon*, for appellee.