A03A2335. GIBSON v. TIM'S CRANE & RIGGING, INC.
(609 SE2d 203)

RUFFIN, Chief Judge.
In *Gibson v. Tim's Crane & Rigging, Inc.,*[1] we held, inter alia, that issues of fact remained regarding whether a crane operator who

---

[1] 266 Ga. App. 42 (596 SE2d 215) (2004).

worked for Tim's Crane was a "borrowed servant" of the general contractor. Although the contract between Tim's Crane and the general contractor designated the crane operator as a borrowed servant, we found from the evidence that the operator had special skills and exercised independent judgment, which created a question of fact regarding whether he could abdicate complete control to the general contractor.[2] The Supreme Court granted certiorari and reversed, holding that the contract was dispositive.[3] Accordingly, we vacate Division 1 of our earlier opinion and adopt the judgment of the Supreme Court as our own. Division 2 of our opinion was affirmed by the Supreme Court and therefore remains in effect.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JANUARY 14, 2005.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, Christopher D. Britt, Kathryn H. Pinckney,* for appellant.

*Oliver, Maner & Gray, Patricia T. Paul, Jeffery L. Arnold,* for appellee.

---

[2] Id. at 44-45 (1).

[3] See *Tim's Crane & Rigging, Inc. v. Gibson,* 278 Ga. 796 (604 SE2d 763) (2004).