### A10A0531. SABELLONA et al. v. ALBERT PAINTING, INC.
(695 SE2d 307)

MIKELL, Judge.

Richard Sabellona, Jr., an employee of Labor Ready, was killed when he fell through a skylight at a plant owned by Boral Bricks, Inc. His minor son and dependent, Brandon, filed a workers' compensation claim against Labor Ready, which was settled for $160,000.[1] Thereafter, Brandon, Sabellona's other two children, Richard III and Scott, and Ray Gary, Sabellona's personal representative (collectively "appellants"), filed a wrongful death claim against Boral Bricks, Inc., Boral Bricks (USA), Inc., Albert Electric, Inc., Albert Painting, Inc. ("API"), and Jason Albert, individually. API moved for summary judgment, contending they were immune from suit under the Workers' Compensation Act ("WCA"). The trial court granted the motion, finding that the immunity from suit granted by the WCA to Labor Ready extends to API because it is a business "using the services of a temporary help contracting firm" under OCGA § 34-9-11 (c), and it elected WCA coverage through its contract with Labor Ready. Appellants appeal this ruling. We affirm.

> In order to prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[2]

---

[1] The Stipulation and Agreement, approved by the State Board of Workers' Compensation, expressly provided that

> [s]aid compromise settlement is entered into under the provisions of OCGA § 34-9-15 as last amended, and is intended to constitute the complete and final disposition of all workers' compensation claims for compensation, medical benefits, death benefits, [attorneys'] fees, penalties, court costs, funeral expenses or any other sum arising out of and in the course of the Employee's employment with Employer and resulting from the accident on 08/14/2006 and subsequent death of the Employee.

[2] (Footnote omitted.) *Creeden v. Fuentes*, 296 Ga. App. 96 (673 SE2d 611) (2009).

So viewed, the record shows that in April 2006, Boral Bricks, Inc., hired API to paint the building at its Smyrna plant. In turn, API contracted with Labor Ready on April 3, 2006, to supply temporary workers for the job. According to the "Confirmation of Rates and Services," Labor Ready charged a regular billing rate of $16.80 per employee, per hour, which included "all wages, withholdings, FICA, Medicare, payroll taxes, unemployment insurance and workers' compensation insurance as required by law for supplied employees." Sabellona was a temporary employee supplied to API by Labor Ready to paint roofs at the plant. On August 14, 2006, Sabellona was on the roof of the plant, assisting another employee, when he fell 35 feet through an "unguarded" skylight to his death.[3]

1. Appellants contend that the trial court erred in granting summary judgment to API because the WCA does not apply to API, which "has regularly in service less than three employees." API concedes that it had less than three employees at the time of the accident, but argues that it voluntarily elected to be bound by the WCA by contracting with Labor Ready and that it is immune from suit pursuant to the exclusivity provision of OCGA § 34-9-11 (c). We agree with API.

Georgia law provides that the exclusive remedy provision of OCGA § 34-9-11 prevents an injured employee or his/her dependents from bringing a tort claim against the employer, a statutory employer, or a co-employee.[4] In 1995, the legislature extended this tort immunity to "businesses using the services of a temporary help contracting firm or an employee leasing company" provided that workers' compensation benefits are furnished by either: (1) a temporary help contracting firm or an employee leasing company; or (2) a business using the services of either such firm or company.[5] The record shows that Labor Ready qualifies as a temporary help contracting firm and that API qualifies as a business using its services. The record further reflects that Labor Ready paid workers' compensation benefits to Sabellona's dependent. Accordingly, pursuant to OCGA § 34-9-11 (c), API is immune from suit.[6]

Appellants contend that regardless of whether API meets the

---

[3] The parties do not explain the term "unguarded."

[4] OCGA § 34-9-11 (a). See also OCGA § 34-9-8; *Yoho v. Ringier of America*, 263 Ga. 338, 341 (434 SE2d 57) (1993) ("[o]nly an entity who is secondarily liable for workers' compensation benefits under OCGA § 34-9-8 (a) is consequently entitled to tort immunity under OCGA § 34-9-11").

[5] See Carole E. Powell, *Workers' Compensation: Grant Immunity to Businesses Using Services of a Temporary Help Contracting Firm or Employee Leasing Company*, 12 Ga. St. U.L. Rev. 271, 273-274 (1995).

[6] See, e.g., *Lambert v. Briggs & Stratton Corp.*, No. CV604-016, 2006 WL 156875 (S.D. Ga. Jan. 19, 2006).

requirements for immunity under OCGA § 34-9-11 (c), the WCA does not apply to API because it does not have a sufficient number of employees. OCGA § 34-9-2 (a) (2) provides that "[t]his chapter shall not apply to . . . any person, firm, or private corporation . . . that has regularly in service less than three employees in the same business within this state, unless such employees and their employers voluntarily elect to be bound." Although API concedes that it has regularly in service less than three employees, the record shows that API signed Labor Ready's "Confirmation of Rates and Services," specifically agreeing to pay the rate for temporary employees which included coverage for workers' compensation benefits. As such, API elected to be bound by the WCA and appellants' contention to the contrary is incorrect. Accordingly, the trial court properly granted summary judgment in API's favor.

2. In light of our ruling in Division 1, supra, we need not consider appellants' claim that the trial court erred in finding API immune from suit because Sabellona was not a borrowed servant.[7]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 28, 2010.

*David K. May*, for appellants.

*Carlock, Copeland & Stair, Frederick M. Valz III, A. Paul Moore, Jr.*, for appellee.

---

[7] Compare *Lewis v. Georgia-Pacific Corp.*, 230 Ga. App. 201 (496 SE2d 280) (1998) (affirming grant of summary judgment to defendant/business using services of employee leasing company in action for personal injuries incurred between 1991 and 1994, on the ground that plaintiff/temporary worker was borrowed servant; decision did not address exclusivity provision of OCGA § 34-9-11 (c), which went into effect on April 7, 1995).